*J. A. McDuff, Moore & Pomeroy,* for plaintiff in error.
*Skelton & Skelton,* contra.

---

## 4877. BLALOCK, administrator, *v.* EMPIRE LIFE INSURANCE Co.

RUSSELL, J. This was an action on a life-insurance policy dated August 6, 1910, providing for the payment of an annual premium of $47.73. The first annual premium was paid. On August 6, 1911, the premiums were made payable quarterly, and the insured paid a quarterly premium of $12.65, less a dividend of 74 cents. The second quarterly premium became due on December 6, 1911 (allowing the thirty days grace provided for in the policy). On December 22, 1911, the insured died, having failed to pay the second quarterly premium. The policy provides: "If any premiums hereon shall not be paid when due, the company shall first apply any withdrawable surplus to pay the same, and the remainder of the premium due, if any, shall be charged against this policy as a loan, if the respective loan value specified herein be sufficient to cover such advance, in addition to any existing liens and accrued interest; provided that if the credits be not sufficient to cover the entire premium then due the company shall apply the same, if sufficient, to pay the premium for a shorter period, but not less than a full quarterly premium." It is further provided in the policy that the insured may borrow the amount specified in column 2 of a table accompanying the policy, for the year in which the loan is to be taken, the contract to be assigned

the company as security, "and the premiums on the contract shall be paid in full to the end of the next policy year succeeding the day when the loan is made." In the loan table accompanying the policy and in column 2 thereof, opposite the words "2nd policy year," appear the figures $78. The plaintiff contends that when the second quarterly premium for the second year became due,—to wit, on December 6, 1911,— the policy had a loan value of $19.50, which, under the "automatically non-forfeitable" clause of the policy, should have been automatically applied by the company to the payment of the second quarterly premium; which would have carried the insurance beyond the date upon which the insured died. *Held:* (1) The policy is not ambiguous, and parol evidence was not admissible to explain its terms. (2) Construing the provisions in the policy relating to loans, in connection with the "automatically non-forfeitable" clause, the meaning of the policy is that at the time of the default as to the payment of the second quarterly premium by the insured, the policy had no loan value which could be automatically applied to the payment of the premium due, and, under the policy, no amount was available to the insured as a loan until the end of the second year, and the payment by him of a full annual premium for the third policy year.          *Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913.

Action on insurance policy; from city court of Macon—Judge Hodges. April 2, 1913.

*Miller & Jones, Wallace Miller,* for plaintiff.
*Hatcher & Smith,* for defendant.