8967.   STATE MUTUAL LIFE INSURANCE COMPANY v. HAYNES.

LUKE, J.   Upon the agreed statement of facts as submitted to the judge, who by agreement heard the case without a jury, the judgment in favor of the plaintiff was authorized by the evidence.  The issues in this

·case are controlled adversely to the contentions of the plaintiff in error
by the decision of this court in *State Mutual Life Ins. Co.* v. *Forrest*,
19 *Ga. App.* 296 (91 S. E. 428).

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
. DECIDED MARCH 14, 1918.

Action on insurance policies; from city court of Floyd county—
Judge Nunnally.   May 21, 1917.

The action was on two life-insurance policies in which the plain-
tiff was named as beneficiary.   Liability was denied on the ground
that the policies had lapsed because of non-payment of premiums.
The following facts appear from admissions in the pleadings and
the agreed statement of facts:   The policies were dated November
5, 1906, and were for $5,000 each, and provided for the payment
of premiums in advance, either annually, semi-annually, or quar-
terly, at the following rates: annual premium $191.70; semian-
nual $99.70; quarterly $50.80.   Eight annual premiums were paid
in advance, beginning on the date of the policy and including pay-·
ment for the year ending November 5, 1914.   The insured bor-
rowed from the insurance company $910 on each policy, or a total
of $1,820, for which he executed, with the assent of the beneficiary,
two loan agreements dated November 29, 1913, and paid interest
in advance thereon for the remainder of the policy year ending
November 5, 1914.   He died February 2, 1915.   There was no
payment except as stated above, unless, as was contended by the
plaintiff, there was automatic payment by the application of loan
value under the provisions of the policies.   The insurance com-
pany contended that at the time of the death of the insured the
policies had no loan value to be thus applied, that he had bor-
rowed the entire loan value.

The policies were identical and contained clauses as follows:

"*Grace in payment of premiums.*   An extension of thirty days
will be allowed in the payment of any premium, except the first,
and the company agrees to accept any premium, without interest
charge, if tendered within thirty days of the time of default, dur-
ing which thirty days the policy will remain in force."

"*Loans.*   After this policy has been in force two years, the
company will loan thereon, as sole security, the amount stated in
the table on the third page hereof, at not more than five per cent.
per·annum, payable in advance.   The loan shall be made in ac-
cordance with the company's loan agreement; the amount of loan

4

available at any time shall include any previous loans then unpaid, and premiums under this policy shall be paid in full up to the end of the policy year succeeding the date when the loan is obtained. The company agrees that the loan may be renewed annually, if interest be paid for one year in advance."

*"Automatic" non-forfeiture clause.* "If the insured shall fail to pay any premium when due, and if there is no indebtedness to the company, the insurance will automatically continue from such due date as term insurance, if premiums have been paid for three months, for 30 days; if for six months, for 40 days; if for nine months, for 50 days; and for the period specified in the table on the third page hereof, if premiums have been paid for one year.

"If premiums have been paid for two or more years, the company, upon failure of the insured to pay any premium, will charge the premiums as they fall due as loans against the policy until the loan value is consumed, and this policy shall thereby continue in full force. At any time while the policy is thus sustained, the payment of premiums may be resumed, without medical re-examination, and the accumulated debits may be paid or stand as a loan against the policy."

*Six-months non-forfeiture clause.* "If the insured makes written application within six months after default in payment of premiums, the company will extend this policy as a term policy for its full amount; or, upon surrender of this policy, will issue a participating paid-up policy, or will pay the cash surrender value, as stated in the table on the third page hereof under the respective heads."

The table referred to in the foregoing provisions is under the heading, "Table of Cash Loans and Guaranteed Surrender Values," and is based on each $1,000 of insurance. In this table and under the following heads appear figures as follows: "End of policy year 7th: cash loan $182; cash value $154; participating paid-up insurance $350; extended insurance 12 years, 8 months. End of policy year 8th: cash loan $212; cash value $182; participating paid-up insurance $400; extended insurance 14 years, 2 months."

The loan agreements executed by the insured provided as follows: "Should the interest not be paid when due, such interest, together with interest at like rate on the increase in the amount

of indebtedness, shall be added to the principal of the loan. Should the amount of the loan with interest additions thereto ever equal or exceed the entire loan value of said policy, the policy shall thereupon become null and void. . . . 'This agreement will be considered cancelled without further notice should said policy be lapsed for non-payment of premium."

The insurance company contended that the amount opposite the eighth year under the tables would not, under the provisions as to loans, become available as a loan value until premiums should be "paid in full up to the end of the policy year succeeding the date when the loan [was] obtained." The plaintiff contended that the loan value automatically paid the due interest charge on November 5, 1914 (the end of the eighth year), and more than a quarter's premium, and therefore continued the policies in force up to the death of the insured; and that if this was not the case, the six-months non-forfeiture clause continued the policies in force notwithstanding failure to pay premiums.

Application to the Supreme Court for certiorari to review the decision of the Court of Appeals in this case was denied.

*Alex. C. King, Maddox & Doyal,* for plaintiff in error, cited: *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296; *Blalock* v. *Empire Ins. Co.,* 13 *Ga. App.* 486.

*Parker & Parker, Little, Powell, Smith & Goldstein,* contra, cited: *State Mutual Life Ins. Co.* v. *Forrest,* supra; *McEachern* v. *N. Y. Life Ins. Co.,* 15 *Ga. App.* 222.