## 18299. SPRINGER *et al. v.* ADAMS.

The petition in this case, by which the plaintiff sought to recover for injuries inflicted by an automobile when he was walking on a public highway, and which alleged, as specific acts of negligence contributing to the injuries, the failure of the defendants to stop after the infliction of the injuries, and their failure to give the name and address of the operator and the name and address of the owner of the automobile as required by the motor-vehicle act of 1921, was subject to the special demurrer as to these and other allegations in regard to the conduct of the defendant after the injuries had been inflicted.

DECIDED NOVEMBER 16, 1927.

Damages; from Hancock superior court—Judge Park. May 28, 1927.

*Colquitt & Conyers, Sidney Smith, Samuel H. Wiley,* for plaintiffs in error.

*G. Lee Dickens, E. R. Lambert, Q. L. Williford,* contra.

BROYLES, C. J. This was an action for damages for personal injuries alleged to have been inflicted by the striking of the plaintiff by an automobile while he was walking upon a public highway. The petition, in subsection *j* of paragraph 22, charged, as a specific act of negligence, contributing to the injuries sued for and forming a basis of recovery therefor, the failure of the defendants to stop after the infliction of the injuries sued for, and their failure to give the name and address of the operator of the automobile striking the plaintiff, and their failure to give the name and address of the owner of the automobile, as required by section 4 of the motor-vehicle act approved August 15, 1921 (Ga. L. 1921, p. 255). The petition contained no allegation of facts showing or tending to show that this violation of law, alleged to have been committed subsequent to the infliction of the injuries sued for, had any causal relation to the injuries. Nor was such a charge allowable in the petition on the theory that it might be shown as matter of aggravation, to support a recovery of punitive damages; for, under the facts of the case as set forth in the petition, such a recovery was not authorized, and the learned trial judge so ruled by striking (on demurrer) that portion of the petition which asks a recovery for punitive damages. That rul-

Appeal and Error, 3 C. J. p. 895, n. 52; p. 903, n. 13, 16; p. 904, n. 20; 4 C. J. p. 649, n. 36; p. 937, n. 4.

Motor Vehicles, 42 C. J. p. 1195, n. 12.

ing was not excepted to, and therefore the question of punitive damages has been eliminated from the case.

The defendants interposed a timely and appropriate special demurrer attacking subsection $j$ of paragraph 22 of the petition, mentioned above, and the court erred in overruling it. That error, under all the facts of the case as disclosed by the petition, was prejudicial to the defendants, and requires another hearing of the case. See, in this connection, *Holbrooks* v. *Ford Rental System*, 34 *Ga. App.* 588 (130 S. E. 363), and cit. For the reasons stated above, the court erred also in overruling grounds 3 and 6 of the special demurrer, attacking certain other parts of the petition. The errors referred to rendered the further proceedings in the case nugatory, and the assignment of error upon the refusal to grant a new trial will not be passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*