29110. OGLETREE *v.* THE STATE.

Decided September 30, 1941. Rehearing denied October 14, 1941.

*J. T. Thomasson, P. T. Hipp,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.

Gardner, J. The defendant was convicted in the city court of LaGrange for violation of the prohibition law. He moved for a new trial and afterwards filed an amendment adding six additional grounds. The court overruled the motion and the defendant excepted.

1. Ground 1 complains of error in allowing a witness to testify to a material conversation between the accused and a third party as being hearsay. There is no merit in this contention.

2. Grounds 2 and 3 complain of the admission of evidence as to similar transactions involving the defendant. There is no merit in these grounds. *Lee* v. *State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Turner* v. *State,* 47 *Ga. App.* 192 (169 S. E. 733), and cit. While it is no doubt better practice not to permit too extended details of other transactions for fear of confusing or diverting the minds of the jury from the case on trial, in the case at bar no reversal is demanded for the reasons assigned in these grounds.

3. Ground 4 complains that along with the records of former

convictions the court admitted other records of the sentences and of probation. The evidence was offered in bulk and only some of it was objectionable. The objection did not specify the objectionable documents from those which were not objectionable. *M., D. & S. R. Co.* v. *Anchors,* 140 *Ga.* 531, 536 (79 S. E. 153); *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (5) (100 S. E. 373); *Adams* v. *State,* 27 *Ga. App.* 48 (107 S. E. 388), and cit. This ground is without merit.

■ Ground 5 complains of an excerpt from the charge to the jury. This was not error when taken in connection with the entire charge.

■ Ground 6 assigns error on the failure of the court to charge a written request as follows: "I charge you, gentlemen, that the jury being the judges of the law and the facts are not bound to go by the charge which the court makes as to what is the law unless the charge truly states what the law is, and whether the charge does or not, the jury has a right to decide." The court correctly refused to give this request in charge. *Rouse* v. *State,* 136 *Ga.* 356 (6), 364 (71 S. E. 667), and cit. In the absence of a proper written request the court is not required to charge the jury that they are the judges of the law and facts. *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Brantley* v. *State,* 154 *Ga.* 80 (6) (113 S. E. 200). This assignment is without merit.

■ The evidence supported the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*