## 41164. DAWN MEMORIAL PARK v. DEKALB COUNTY.

HALL, Judge. In this condemnation case, the condemnee assigns error on the judgment of the trial court overruling its motion for new trial which raised the issue of the admissibility of opinion evidence of the value of the condemned property. *Held:*

DeKalb County condemned a perpetual right of way for sewer purposes over land that was zoned and planned by its owner for use as a cemetery. The right of way was 40 feet wide and its total area 3.016 acres.

The condemnor presented two witnesses who stated their opinions of the value of the property. According to their testimony the area condemned was not suitable for burial purposes; it was all to be landscaped and did not extend into the area that had been plotted for use as grave sites. Their testimony on these points was not disputed. The condemnee made a motion to exclude the testimony of each of these witnesses on the ground that his valuation of the property was not based on the value of the land as burial lots and had no probative value.

The condemnee relies on St. Agnes Cemetery v. State, 3 N. Y. 2d 37 (143 NE2d 377), and Mount Hope Cemetery Assn. v. State, 203 NYS2d 415 (11 App. Div. 303). These cases do not support the position that when condemned property is in a part of a planned cemetery that is not suitable for burial use, an opinion of the value not based on the value of the land as burial lots is inadmissible.

Opinion testimony as to the market value of land is admissible if the witness has had an opportunity to form a correct opinion. The competency of the witness to testify is primarily a question for the trial court, and the question of his credibility is for the jury. *Central of Ga. Power Co. v. Stone,*

139 Ga. 416 (77 SE 565); *McDuffie County v. Gunn*, 50 Ga. App. 198, 199 (177 SE 363).

The trial court did not err in overruling the condemnee's motion for new trial.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

DECIDED MARCH 12, 1965—REHEARING DENIED MARCH 26, 1965.

*Moreton Rolleston, Jr.*, for plaintiff in error.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley*, contra.