## 46870. LARY v. GILMER.

HALL, Presiding Judge. Defendant in an eviction proceeding appeals from a directed verdict against her counterclaim

for recoupment of rent and damage to personal property and from the striking of her counterclaim for punitive damages.

The defendant alleged that the plaintiff-landlord's failure and refusal to maintain the premises in good repair resulted in a reasonable rental value of $660 less than the actual rent paid over the period of her tenancy. The defendant attempted to prove the reduction in rental value by offering her opinion evidence. The first time the opinion was tendered, the court sustained an objection that a proper foundation had not been laid. Her lawyer then began a series of questions to lay the foundation but met an objection that he was leading the witness. Her lawyer then abandoned the questioning.

Her non-expert opinion evidence would have been admissible if she had shown she "had an opportunity for forming a correct opinion." *Code* § 38-1709. Without this showing, the opinion was properly excluded. The court did not err in directing a verdict for the plaintiff on this portion of the counterclaim.

It was also not error to direct a verdict on the other portion of the counterclaim for damages to personal property. The defendant's opinion concerning the value of the ruined curtains was apparently based only on their purchase price and the cost of new curtains to replace them. While purchase price is a relevant factor, it is not enough standing alone. Factors affecting depreciation, for example, must also be considered. See *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782).

With no other damages to be recovered, an award of punitive damages would not be authorized. The question of whether the court erred in striking this claim is therefore moot.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED FEBRUARY 1, 1972—DECIDED FEBRUARY 29, 1972.

*Alden C. Harrington,* for appellant.
*Thomas C. Jones, Jr.,* for appellee.