47595. LESTER v. S. J. ALEXANDER, INC.

Argued October 6, 1972—Decided October 31, 1972.

*Albert B. Wallace,* for appellant.

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., William Pitts Carr,* for appellee.

CLARK, Judge. This appeal by a plaintiff who is unhappy with the amount of the verdict given him in a personal injury automobile suit seeks a new trial by reason of alleged evidence errors.

■ Relying upon the stream-lined procedure created by *Code Ann.* § 38-706.1 (Ga. L. 1970, p. 225) permitting laymen to introduce bills incurred for treatment of injuries resulting from the subject of litigation without requiring an expert witness to testify that such charges were reasonable and necessary, plaintiff presented a document entitled "Patient Statement" which was his hospitalization bill. Defendant's objection was based upon this bill failing to differentiate between those charges directly related to treatment of his injuries and those for a kidney ailment having no connection with the automobile collision. Sustaining the objection Hon. Osgood O. Williams commented: "The thing that concerns me though, you have this man in the hospital with alleged back problems and you have him in there at the same time with a kidney problem. Now how in the world are you going to separate the back from the kidney in relation to expenses per day and medicine and that kind of thing?" (T. 92).

The objection was properly sustained. "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in nonjury cases can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198)." *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (2) (191 SE2d 290).

Appellant argues that the concluding portion of the 1970 statute codified as § 38-706.1 which states ". . . nothing herein shall be construed to limit the right of a thorough and sifting cross examination as to such items of evidence" gives necessary protection to the defense and that an approval of this ruling by the trial judge would nullify

the statute. We disagree. Prior to enactment of this legislation it was harmful error to admit doctors, drugs and hospital bills unless they were identified by experts as being reasonable and necessary. *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (2) (139 SE2d 519). The 1970 statute accomplished three goals: (1) it eliminated the necessity of having the person submitting the bill to testify; (2) it made it unnecessary to produce an expert witness to prove such charges were reasonable and necessary; and (3) it made laymen competent witnesses to identify such bills. *But* it requires "a showing by such witness that such bills were received from a licensed practicing physician, hospital, ambulance service, drug store, or supplier of therapeutic or orthopedic devices, and that such expenses were incurred in connection with the treatment of the injury, disease or disability involved in the subject of litigation at trial." It also made clear the statute was not intended to limit the existing right to cross examination on such items.

Where, as here, the submitted bill included without differentiation items having no relevance to the automobile collision, the proffered evidence not only failed to meet the statutory requisites stated in *Code Ann.* § 38-706.1 but was properly rejected under the rule that testimony offered as a whole without separating the relevant from that which is irrelevant and inadmissible is to be repelled in its entirety. *Skellie v. Central R. & Bkg. Co.,* 81 Ga. 56, 62 (6 SE 811); *Dorsey v. Dorsey,* 189 Ga. 662 (4) (7 SE2d 273); *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (187 SE2d 915).

■ Appellant contends another evidentiary error occurred in permitting defendant's attorney to question plaintiff's doctor during his deposition as follows:

"Q. Now, on the report, I notice on the next to the last page of the report after and in conclusion of the last visit that you made—that the patient made here to your office, that you made the statement, 'I felt at that time,' that is on February 27, 1970, 'that he would probably continue to have pain until his liability claim was settled.' Is that correct? A. That is the opinion that is there, yes." (T. 228, 229).

Plaintiff's objection is that this constituted a violation of the "Best Evidence Rule" codified as § 38-203 in that the original writing and not his testimony should have been admitted into evidence. As is pointed out in his discerning dissertation by Emory University Professor William H. Agnor in 11 Encyc. Ga. L. 313, § 60, "The term 'best evidence rule' is misleading. This is really a preferential rule giving first preference to the original writing. It should be called the 'original document rule,' but it is pointless to even suggest such a change now. The rule has nothing to do with evidence generally, but is restricted to writings alone." See also Green, The Georgia Law of Evidence 236, § 100.

In ruling against plaintiff Judge Williams pointed out that the doctor had testified from his notes during the direct examination which had been used for refreshing his recollection, that "He could testify without referring to them. And for that reason I feel having testified from those notes persistently throughout the direct examination, that any notation that might be in his notes (that) might shed unfavorable light should go into evidence as well as notations that shed favorable light." (T. 231). Such ruling was correct.

Under *Code* § 38-1707, "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally speaks from his recollection thus refreshed, or shall be willing to swear positively from the paper."

The medical witness used his office memoranda to refresh and assist his memory. The cross examiner should and does possess the right to quiz the witness concerning the contents of the written instrument without introduction of the document. In doing so he is entitled to shed light on the relevant issues whether this be favorable or unfavorable to his client's cause.

"The best evidence of the expert witness' opinion of the cost of reconstruction was his own testimony to that effect, not the worksheet which he had prepared in order to assist

him in presenting the testimony." *Woodward v. City Council of Augusta,* 117 Ga. App. 857, 858 (162 SE2d 304). "It is not the memorandum that is the evidence, but the recollection of the witness." *Stansall v. Columbian Nat. Life Ins. Co.,* 32 Ga. App. 87, 91 (122 SE 733).

"It is the duty of the court 'to allow a searching and skilful test of his (the witness's) intelligence, memory, accuracy, and veracity. As a general rule, it is better that cross examination should be too free than too much restricted. This is a matter that necessarily belongs to and abides in the discretion of the court . . .' [cits.]" *Russell v. Bass,* 82 Ga. App. 659, 662 (62 SE2d 456). Thus, physicians have been permitted to respond to the question as to "whether they observed anything about the plaintiff that would indicate he was a malingerer." *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (4) (140 SE2d 227) and cits. The testimony sub judice was material to the issues and properly admitted under cross examination.

■ The foregoing rulings dispose of all material enumerations of error. The other enumerations of error dealing with evidence, even if meritorious would be considered harmless.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*