50051. JORDAN v. HAGEWOOD.

STOLZ, Judge.

The plaintiff appeals from her judgment in a personal injury automobile action based on a verdict which is allegedly inadequate because of contended errors in the trial.

1. "1. Although it is no longer necessary to use expert testimony to prove that bills incurred for medical, hospital, and drugs are reasonable and necessary, it is still required that it be shown such expenses were incurred in connection with the treatment of the injury,

disease or disability involved in the subject of litigation at the trial, which may be done by lay testimony. Code Ann. § 38-706.1 (Ga. L. 1970, p. 225).

"2. Where such bills include charges for treatment, drugs, and hospitalization for items other than those arising out of the cause of action, the plaintiff has the duty to segregate the irrelevant expenses since he has the burden of proof to show his losses in such manner as can permit calculation thereof with a reasonable degree of certainty. *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (1, 2) (193 SE2d 860).

The trial judge did not err in refusing to allow the plaintiff to testify as to the medical treatment given to her by Dr. Turner. There was no showing that "such expenses were incurred in connection with the treatment of the injury, disease or disability involved in the subject of litigation at the trial," either by expert *medical* testimony or by the conflicting *lay* testimony of the plaintiff, to the effects that she *thought* she was having a heart attack and that she *didn't* think she was having a heart attack. The plaintiff was permitted to testify as to "how she felt and where she hurt," which is what her counsel sought to elicit.

Similarly, it was not error to exclude the plaintiff's testimony as to *all* of her medical bills since the collision, where the plaintiff stipulated for the admission of certain bills, and there was evidence that a portion of her condition was either congenital or psychosomatic, and thus no showing that all of the conditions requiring treatment were caused by the collision.

2. Assuming that the plaintiff made proper objection thereto, the trial judge's statement that the phlebitis wouldn't have any connection with the collision, was not error as an expression of his opinion as to what the evidence showed, but constituted merely a ruling out of a line of testimony as to treatment for phlebitis which was inadmissible in the absence of evidence connecting it causally with the collision.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 13, 1975.

*Edward Parrish,* for appellant.
*Willis L. Miller, III, Cam U. Young,* for appellee.

EVANS, Judge, concurring specially.

In Division 2 of the majority opinion it is shown that plaintiff enumerates error because the trial judge, during examination of plaintiff as to her treatment following her injuries, stated: "Well, now, this phlebitis wouldn't have any connection with the accident, so you'd have to. . ." Standing alone, I would view this as an improper comment from the court as to the evidence, as to a medical question. Further, from the best information available to laymen, phlebitis may follow an accident and the treatment therefor.

But it does not appear that plaintiff interposed any objection, but to the contrary agreed with the court shortly afterwards that expert testimony would be needed to show that phlebitis culminated from the injury to her neck and to her back, and stated that he had such expert testimony. (Tr. 24, 25). So, if there was injury, it was waived.