### 52908. ATLANTA TRANSIT SYSTEM, INC. v. SMITH.

MARSHALL, Judge.

Rufus Smith was injured when a bus door closed on him while he was attempting to board a bus owned and operated by appellant Atlanta Transit System. From a jury verdict and judgment thereon, appellant brings this appeal enumerating basically four errors: (1) admitting medical bills without a proper foundation, (2) charging the jury on the statute requiring persons involved in an accident to render aid, (3) sending the pleadings and an exhibit out with the jury, and (4) failing to charge the jury on assumption of risk. *Held:*

1. Appellant first contends that medical bills introduced by Smith were improperly admitted because no proper foundation had been laid. Specifically appellant complains that Smith, who was an elderly man with poor vision, was unable to see the exhibits when cross examined about them, or could not remember certain pharmacy bills or what medicine was prescribed. However, the record shows that Smith testified on direct examination that he recognized all the exhibits when shown them by his counsel, that they were for medicine prescribed by a doctor, or were bills resulting from a visit to and treatment from a doctor, that they were incurred as a result of pain, hurting, aches, and bruises from his injury on the bus. Such foundation was sufficient to satisfy Ga. L. 1970, p. 225 (Code Ann. § 38-706.1). Cf. *Jordan v. Hagewood,* 133 Ga. App. 958 (1) (213 SE2d 85); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (1, 2) (193 SE2d 860). This Code section allows a thorough and

sifting cross examination for the purpose of undermining the credibility of the lay witness, but the fact that Smith's accuracy was impugned does not effect the admissibility of the exhibits under the statute.

In addition appellant contends that some of the medical bills admitted related to a previous unrelated injury and Smith failed to segregate them and therefore all were inadmissible under the holding of *Lester v. S. J. Alexander, Inc.,* supra. In *Lester,* the objectionable exhibit was a hospital bill showing a lump-sum amount, when the evidence showed that the patient was in the hospital for two distinct medical treatments — one for the related injury and one for an unrelated injury. Under those circumstances, this court properly upheld the trial court's exclusion of the exhibit because the jury would be unable to calculate the amount of expenses attributable to the related injury without resorting to guesswork. Here, there were numerous medical bills for specific items and amounts, all of which Smith testified were related to his injury. Cross examination, which showed that Smith was uncertain as to some of the expenses, affected his credibility. Nevertheless, the jury was authorized under the evidence to find that all the bills were injury related. It was therefore not error to charge the jury on damages based on these exhibits.

2. Appellant further contends that the trial court erred in charging the jury on the driver's duty to render aid after an accident. Ga. L. 1953, Nov. Sess., pp. 556, 573 (Code Ann. § 68-1620). The error, appellant contends, is that the judge did not charge that the failure to render aid must be shown to have proximately caused Smith's injury.

The evidence showed that Smith was attempting to board the bus when the door closed on him causing him to fall to the pavement. After he was helped onto the bus, he testified that he requested aid from the driver but that the driver ignored him; that he suffered pain while on the bus and thereafter. The trial court charged that appellant's failure to render aid, if same was found by the jury, "could be considered in awarding damages." The court had previously charged on theories of general negligence and proximate cause. The jury was authorized to find from

Smith's testimony that such failure to render aid constituted negligence and proximately caused additional pain and suffering. *Springer v. Adams,* 37 Ga. App. 344 (140 SE 390) relied on by appellant, is distinguishable in that there the statute required only that the driver stop and give his name and address and the trial court properly concluded that failure to comply with that statute could not have proximately caused any of the damages claimed.

3. Appellant also contends it was error to send the pleadings and a written statement of medical services out with the jury. It has long been the practice in this state for the pleadings to go out with the jury, provided the trial judge instructs the jury that the pleadings represent nothing more than the contentions of the parties, that they are not evidence and are not to be considered as evidence. Such was done in this case. The pre-trial order, which set forth the parties' contentions and which was read to the jury, does not supersede the pleadings but was cumulative of them.

Nor was it error to admit a statement of medical services which contained a diagnosis and a list of charges for treatment. Such was not in lieu of oral testimony from the witness stand and therefore does not fall under the rule stated in *Royals v. State,* 208 Ga. 78 (2) (65 SE2d 158) and *Shedden v. Stiles,* 121 Ga. 637 (4) (49 SE 719) that certain written statements, such as confessions, statements of co-conspirators, interrogatories and depositions may not go to the jury. Instead, the statement was primary evidence of medical expenses for treatment of the injury diagnosed and was admissible under Code Ann. § 38-706.1, supra.

4. Appellant finally contends that the trial court erred in failing to charge assumption of risk in that evidence showed that the bus had pulled away from the curb and was waiting at a stop light when Smith attempted to board. We cannot say that such conduct amounted to an assumption of a known risk. Other facts developed by the evidence showed that the bus driver permitted another passenger to board the bus just before Smith attempted to board. Under these facts, we cannot say that there was an obvious risk that the bus doors

would close on Smith and cause injury. See *Yandle v. Alexander,* 116 Ga. App. 165 (156 SE2d 504).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977 — REHEARING DENIED JANUARY 26, 1977 —

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Paul Oliver,* for appellant.

*Garland, Nuckolls, Kadish, Cook & Weisensee, Mark J. Kadish, C. Michael Conroy,* for appellee.