## 53440. HUDSON v. MILLER et al.

SMITH, Judge.

This case is here on appeal from the finding of the jury in favor of the defendants in an action by a landowner brought against purchasers of part of his land seeking damages on the grounds of alleged fraud in the transaction involving the sale and purchase of his land. The alleged fraud, in part, consisted of alleged representation that the plaintiff was about to be foreclosed upon by the holder of a mortgage on his land, which plaintiff alleged was false and which he relied upon.

1. Complaint is made that certain correspondence and a memorandum of a telephone call between plaintiff and Georgia Development Authority, an endorser and guarantor on his note for which the mortgage was given to secure, were admitted over plaintiff's objection. All except one of such items of correspondence were copies of letters written plaintiff by the endorser. Their primary purpose was to make demand for payment on the mortgage or demand for reimbursement of payments made by the endorser. The exception was one original letter by plaintiff to the endorser. All of the letters were submitted as defendant's Exhibit No. 6 and objected to in toto on the grounds that they contained hearsay, conclusions, were irrelevant and immaterial, not the highest and best evidence, and of no probative value. That evidence is irrelevant and immaterial is no valid ground of objection. *Shouse v. State,* 231 Ga. 716 (203 SE2d 537). It further appears that some of the letters were not subject to any of the other grounds of objection. Some were subject to some grounds but not others. Under these circumstances there was no error in overruling the objection as made, the objectionable letters or portions of letters in the group objected to not being pointed out with particularity and some of the evidence objected to being admissible. *Jones v. Blackburn,* 75 Ga. App. 791 (3) (44 SE2d 555); *Ogletree v. State,* 66 Ga. App. 49 (3) (16 SE2d 882).

2. After the voir dire questioning by counsel and the court and after the jury had been chosen it was discovered one of the jurors chosen had in the past been employed by one of the defendants but was not presently employed.

After questioning, the trial judge permitted him to serve and found that he had truthfully answered all questions asked by counsel and by the court. We find no error here as the record does not support the enumeration that this juror was an employee of either defendant.

3. During the progress of the trial, the plaintiff was asked by counsel, referring to plaintiff's land at the time of the alleged fraudulent sale, "Now, what was the fair market value of that land at that time." Upon objection made by opposing counsel, the court remarked, "I think you have to lay some foundation to show that he knows the value of land generally. In other words, he can't just come up with the figure without having some knowledge of the subject. Some owners may know the value of land and others don't know the value of land." Counsel for plaintiff then stated, "Of course, I submit to the court, your Honor, that as an owner he is competent to testify to the value of the land, but I will be more than willing to lay the foundation for it." The court was correct in not permitting the witness to answer the question without being qualified under Code § 38-1709. *Lary v. Gilmer,* 125 Ga. App. 604 (188 SE2d 432); *Dawn Memorial Park v. DeKalb County,* 111 Ga. App. 429 (142 SE2d 72); *State Hwy. Dept. v. Futch,* 130 Ga. App. 693 (204 SE2d 315); *Schoolcraft v. DeKalb County,* 126 Ga. App. 101 (189 SE2d 915). That counsel for the defendant attempted thereafter to qualify the witness and that the court may have committed error in ruling out this evidence does not present a matter for review by this court as there is no enumeration of error thereon.

Furthermore, irrespective of the reasons the trial judge may have given for not permitting an answer, this court cannot, in the absence of a showing the trial judge was informed of the expected answer, consider the action of the trial judge as error. *McWilliam v. Pattillo,* 173 Ga. 771 (9) (161 SE 597); *Rainey v. Moon,* 187 Ga. 712 (12) (2 SE2d 405); *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 611 (224 SE2d 442).

4. Error is enumerated upon the failure of the court to give a request to charge dealing "with the requirement of due diligence in discovering a fraud where there is no confidential relationship." We have examined the request

to charge and find it contains elements not adjusted to the evidence. Therefore, it was not error to refuse to give the requested charge. *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518 (18) (112 SE2d 337).

*Judgment affirmed. Bell, C. J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED JANUARY 31, 1977 — DECIDED MAY 19, 1977.

*Robert Benham,* for appellant.
*Araguel & Sanders, Jerry D. Sanders, Carlton S. Brown,* for appellees.