## 63187. MONSON v. BROWN.

McMURRAY, Presiding Judge.

This is an action for damages arising from an incident in which a motor vehicle struck a pedestrian. The pedestrian was a minor, approximately seven years old at the time of the incident. The plaintiff is the minor, by and through his mother, in her capacity as his next friend.

On the trial of the case the trial court directed a verdict in favor of the defendant. Plaintiff's motion for new trial was filed and denied,

and plaintiff appeals. *Held:*

1. The mother, next friend of the injured pedestrian, was the only witness presented in support of the plaintiff's cause of action. This witness was not present at the striking of the child by the motor vehicle, thus was unable to relate a direct first-hand impression of the sequence of events giving rise to her child's injuries. This does not, however, mean that in the circumstances of this case plaintiff failed to present any evidence of defendant's liability for the injuries incurred by the child. The mother testified that she arrived at the scene shortly after the incident had occurred and that the defendant repeatedly expressed his regret that the child had been injured and more significantly offered to pay any medical expenses incurred due to the child's injuries. The defendant then transported the mother and child to the hospital and waited there for several hours while the child was treated and drove the two home, carrying the child into the home in his own arms. While it may seem unjust that the defendant's humanitarian efforts should militate against him, we are bound by the repeated decisions of our appellate courts that in an action for personal injuries a statement by a defendant to a plaintiff that he wants to pay for the plaintiff's medical attention constitutes an implied admission of liability. See *Edwards v. Bullard,* 131 Ga. App. 34, 38 (3) (205 SE2d 115), citing *Rentz v. Collins,* 51 Ga. App. 782, 783 (2) (181 SE 678). Thus, a jury issue was made as to the defendant's liability.

2. There being evidence in the record from which the jury would be authorized to determine that the defendant was liable for the child's injuries the grant of a motion for directed verdict in favor of defendant could only be predicated upon failure of the child's injuries to exceed the threshold requirements of a "serious injury" set forth in Code Ann. § 56-3402b (j) (Ga. L. 1974, pp. 113, 114). See also Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121).

Before reaching the threshold question, we must first determine whether the defendant was an "insured" within the meaning of Code Ann. § 56-3410b (a), supra. After the plaintiff had rested and defendant had made his motion for directed verdict, the plaintiff challenged the right of defendant to invoke the Code Ann. § 56-3410b (a), supra, exemption from suit. Pursuant to the decision in *Powell v. Manning,* 242 Ga. 778 (251 SE2d 522), a hearing was held before the trial court in the absence of the jury wherein the burden of proof was placed upon the defendant to establish the fact of no fault coverage in at least the statutory minimum amount. At this hearing the testimony given by defendant was that he had "full coverage" automobile insurance with a named insurance company. Upon cross-examination the defendant was unable to answer an inquiry as

to the specific amount of coverage provided by his automobile insurance policy.

We must conclude that the defendant failed in his burden and did not establish the fact of no fault coverage in at least the statutory minimum amount. The trial court erred in ruling that the defendant was an "insured" under Georgia's no fault law. The term "full coverage" used by defendant in describing his coverage is ambiguous, and any attempt to interpret this term in the statutory context would be speculative. Furthermore, as the plaintiff points out, there is no evidence that the automobile insurance policy in question was a Georgia policy so as to be required by statute to provide the minimum no-fault coverage in compliance with our statutes.

3. The plaintiff attempted to introduce into evidence a medical bill for $799 for surgery which was performed on the child over a month after the incident giving rise to this action. The defendant objected to the establishing of a foundation for the admission of this bill by the mother's testimony that the surgery was performed as a result of injuries arising from the child being struck by defendant's vehicle. This objection was sustained and the testimony excluded from evidence. The mother's testimony that the bill was incurred as a result of the incident giving rise to this action and the admission of the medical bill of $799 for surgery into evidence on this foundation should have been allowed under the authority of Code Ann. § 38-706.1 (Ga. L. 1970, p. 225). See in this regard *Atlanta Transit System v. Smith,* 141 Ga. App. 87 (1) (232 SE2d 580); *Jordan v. Hagewood,* 133 Ga. App. 958, 959 (2) (213 SE2d 85); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 471 (1) (193 SE2d 860).

One of the alternative means by which a "serious injury" as defined by Code Ann. § 56-3402b (j), supra, may be proven is by showing that the injury resulted in reasonably incurred medical expenses exceeding $500. The medical bill for $799 for surgery, which was improperly barred from admission into evidence by the trial court, would alone determine that the $500 threshold had been exceeded and the case be presented to the jury. The grant of a directed verdict in favor of defendant upon the theory that the "serious injury" threshold had not been exceeded was erroneous.

4. In the presentation of the plaintiff's case the mother testified that the child was absent from school for 10 days and sought to assert this testimony as evidence of the satisfaction of an alternative means of passing the threshold of Code Ann. § 56-3402b (j), supra, by showing that the injury resulted in disability for not less than 10 consecutive days. However, this testimony did not specifically state the 10 days of absence were consecutive. Furthermore, when the plaintiff was allowed to reopen the case for the limited purpose of

showing medical bills so as to reach the threshold, plaintiff was not allowed to add testimony that the 10 days of absence from school were consecutive and now enumerates this refusal on the part of the trial court as error. "Whether or not a party may be allowed to reopen his case after he has rested and present additional evidence is a matter within the discretion of the trial judge." *Dimmick v. Pullen,* 120 Ga. App. 743, 744 (1) (172 SE2d 196); *Anderson v. Universal C. I. T. Credit Corp.,* 134 Ga. App. 931, 934 (1) (216 SE2d 719). We find no abuse of discretion in the trial court limiting the purpose for which the plaintiff was allowed to reopen the case thereby precluding any further testimony as to other issues. This enumeration of error is without merit.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JULY 13, 1982 — 

*Richard Eason, Jr., Ron Parnell,* for appellant.
*Palmer H. Ansley, Joseph W. Watkins,* for appellee.