### 67346. BACON v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION et al.

BIRDSONG, Judge.

Decatur Federal Savings & Loan Association, as successor to American Fidelity Savings & Loan Association of Albany, brought suit for default of payments on six promissory notes executed by Bacon, seeking full payment of the notes, interest and attorney fees. Bacon admitted executing the notes but denied that he was indebted in the amount claimed. The case went to trial on a written stipulation of the parties that the only documents to be offered in evidence by the plaintiff would be the notes and certain security deeds referred to in the complaint and a letter from counsel for the plaintiff regarding attorney fees; that the only documents to be offered in evidence by the defendant would be appraisals as to the value of the properties referred to in the notes attached to the complaint; and that copies of

original documents could be used in lieu of original documents without objection by either party, but that all objections applicable to the admission of any other documents offered in evidence at trial were reserved. At trial the plaintiff tendered some sixteen exhibits consisting of the stipulated notes, security deeds and letters, and four other documents relating to the merger of American Federal and Decatur Federal. Bacon objected to the admission of each document and all objections were overruled. The defense rested without offering any evidence and Bacon now appeals from a verdict directed in favor of Decatur Federal in the amount sought. *Held:*

1. Having stipulated prior to trial that copies of the original notes and security deeds comprising the underlying transactions of the debt sued on would be admitted without objection, appellant is estopped to object to admission of these documents on best evidence grounds. *Maynard v. Rawlins,* 45 Ga. App. 91 (3) (163 SE 269). In any event, the best evidence rule (OCGA § 24-5-4 (Code Ann. § 38-203)) is inapplicable here since neither the existence nor the contents of these documents was in issue. *Jones v. Sudduth,* 162 Ga. App. 602 (292 SE2d 448).

2. Exhibits 12 through 15 consisted of copies of certain documents concerning the merger of American Federal and Decatur Federal, which Bacon demanded to be produced at trial when the originals were not immediately available. Here again, appellant's objections based on the best evidence rule were properly overruled. The copies of these writings were not introduced to prove the contents thereof, but to establish that a merger had in fact occurred and the notes transferred to Decatur Federal in refutal of appellant's attack on Decatur Federal's standing to bring the instant suit. *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman,* 248 Ga. 580 (285 SE2d 181). "Furthermore, admission of the documents could not be harmful error in view of the fact that those with personal knowledge testified as to their content. [Cits.]" *Millwood v. State,* 166 Ga. App. 292 (5) (304 SE2d 103). Any objection to admission of this testimony was waived when the court reserved ruling on its competency until a later stage of the trial and counsel for appellant failed to invoke a final ruling thereon. *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (2) (154 SE2d 723).

3. In light of the competent evidence that a merger had taken place between American Federal and Decatur Federal, and the appellant's in-court stipulations that no payments had been made under the notes and the amount of principal and interest owing thereunder, the defense of lack of privity is without merit and Decatur Federal was entitled to the verdict directed in its favor. See *Williams v. Universal Decorators,* 161 Ga. App. 165 (288 SE2d 115);

*Hazel v. Tharpe & Brooks,* 159 Ga. App. 415 (1) (283 SE2d 653); *Gleaton v. Bank of Arlington,* 40 Ga. App. 291 (2) (149 SE 438).

4. "It does not appear that there was any valid reason for the appellant to anticipate reversal of the superior court's judgment, and, consequently, we must conclude that the appeal to this court was for the purpose of delay only. Accordingly, the appellee's request for award of damages in the amount of 10 percent of judgment is granted." *Hanover Ins. Co. v. Scruggs Co.,* 162 Ga. App. 640, 641 (292 SE2d 493); OCGA § 5-6-6 (Code Ann. § 6-1801).

*Judgment affirmed with direction to assess a penalty of 10 percent. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 19, 1984 —

*T. Lee Bishop, Jr.,* for appellant.
*Buddy M. Mears, William E. Cannon, Jr.,* for appellees.