72059. BLUE CROSS OF GEORGIA/COLUMBUS, INC. et al.
v. WHATLEY.
(348 SE2d 459)

BENHAM, Judge.

Appellants, Blue Cross of Georgia/Columbus, Inc. and Blue Shield of Georgia/Columbus, Inc. ("Blue Cross-Blue Shield") were providers of medical insurance coverage to appellee Whatley and his terminally ill wife. On August 2, 1979, the wife's physician ordered sitters as part of her care, but then struck the order for sitters and substituted private duty nurses to tend to her needs. The nurses served from August 2, 1979, to September 11, 1979, when the patient died. When appellee sought reimbursement for the cost of the nurses from Blue Cross-Blue Shield, appellants refused, claiming that the nurses were not medically necessary. Appellants later agreed that the period from August 25 to September 11 was covered, but contested coverage before that date. Appellee filed suit and, after a jury trial, was awarded compensation for the period in question as well as a bad faith penalty and attorney fees. See OCGA § 33-4-6. Appellants appeal the judgment, raising seven enumerations of error.

1. Appellants moved for a directed verdict, claiming that appellee failed to establish his damages with reasonable certainty. They cite the denial of the motion as error. We disagree. The jury had enough information to determine the amount of damages, since it received evidence to show that appellee paid for the nurses from August 2 to September 11 at a cost of $4,317.75; that appellants reimbursed him $1,285.57 for the payments from August 25 to September 11; and that pursuant to the contract of insurance, he was entitled to either 80% or 100% of his out-of-pocket loss for the balance if it was covered by the insurance contract. The jury awarded appellee the difference between the two figures, or 100% of his out-of-pocket loss. That award was clearly justified by the evidence and was not so small or excessive as to justify the inference of gross mistake or undue bias. OCGA § 13-6-4; *Wheels & Brakes v. Capital Ford &c. Sales*, 167 Ga. App. 532 (2) (307 SE2d 13) (1983). The trial court did not commit harmful error.

2. Nor did the trial court commit error in denying appellants' motion for directed verdict on the issue of the bad faith penalty and attorney fees. *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265

(253 SE2d 745) (1979), sets out the standard for appellate review of cases such as these. "The proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer."

The facts adduced at trial show that appellee met its burden of producing evidence of appellants' bad faith refusal to pay the demand. Appellee's wife's physician, Dr. Duttera, testified that the private duty nurses he ordered on August 2 were medically necessary even though his patient was hospitalized, and that it would have been malpractice for him not to have provided for such care. It was also shown that appellants reviewed the claim for payment three times and denied it twice as being medically unnecessary, contending that the care could have been provided by the existing hospital staff of sitters, the latter not being covered by the policy. After the third review, appellants allowed coverage for the final 19 days of the claim. It does not appear that the circumstances for which the private duty nursing care was being provided had changed between August 2 through August 23, the days appellants contend the care was not medically necessary, and August 24 through September 11, the days which appellants finally agreed that the nurses were medically necessary. Appellants' position at trial regarding the medical necessity of the nursing care appeared to be based for the most part on the fact that Dr. Duttera initially planned to order sitters, but decided to order nurses after discussing with appellee whether sitters would be covered under the policy. Under the circumstances, although appellants asserted a defense, it does not appear that it was one that as a matter of law vindicated appellants' good faith. "Not every defense bars a finding of bad faith. It is a defense which raises a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury." *Colonial Life &c. Ins. Co. v. McClain*, supra at 265. We do not find that kind of defense here; therefore, the motion for directed verdict was properly denied. Compare *Colonial Life &c. Ins. Co. v. Donaldson*, 172 Ga. App. 211 (1) (322 SE2d 510) (1984); *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703 (302 SE2d 605) (1983), cited by appellants.

3. Appellants claim that the trial court erred in allowing Plaintiff's Exhibit 6 to be admitted into evidence. The exhibit was a collection of cancelled checks dated August 3 through September 20, showing appellee's payments for the nursing care. Appellants argue here that the only period relevant to this litigation was August 2 until August 24, and that the checks dated after August 24 should not have been admitted. The objection made at trial was that some of the checks were for payments for which appellants had reimbursed appellee and so were not relevant. That evidence is irrelevant is no valid

ground of objection. *Hudson v. Miller*, 142 Ga. App. 331 (1) (235 SE2d 773) (1977). Moreover, there was no error in overruling the objection as made since the objectionable checks in the group were not pointed out with particularity at trial and some of the material objected to was admissible. Id. Compare *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470 (193 SE2d 860) (1972), cited by appellants in support of their argument. *Lester* was a suit involving one injury and a single medical bill that included expenses for two separate injuries without differentiation between them. In addition, a specific objection was made to the introduction of the document.

4. Appellants argue that appellee's testimony about his understanding of what the insurance contract meant violated the best evidence rule and therefore should not have been allowed by the trial court. We disagree. The best evidence rule (OCGA § 24-5-4) is inapplicable since neither the existence nor the contents of the insurance contract was at issue. *Bacon v. Decatur Fed. &c. Assn.*, 169 Ga. App. 538 (1) (313 SE2d 727) (1984). Even if the best evidence rule did apply, any possible error was eliminated when the policy itself subsequently was admitted into evidence.

5. During the trial, appellee was allowed to testify that he complained to the State Comptroller General and asked him to seek payment of the disputed claim from appellants, and that the Comptroller General responded by letter, which was introduced and admitted to evidence. The letter stated that the question whether the private duty nursing care was covered by the insurance policy was one that could properly be resolved in court rather than by the comptroller's office. Appellants objected to the testimony and the letter as being inadmissible hearsay and now claim that their admission constituted reversible error. Pretermitting whether the admission of the letter and testimony was inadmissible hearsay, there was no harm done by their admission. The contract itself was available for the jury to review and interpret, and the letter only stated what the jury already knew — that appellee contended the services were covered, appellants denied coverage, and appellee sought resolution of the issue in a court of law.

6. On cross-examination, appellee's counsel asked appellants' employee whether appellee was permitted to write in the hospital record about the services he provided for his wife. It is not clear whether appellants actually objected when the question was posed to the witness at trial, since counsel's statement was, "Excuse me just a minute, Your Honor. What relevance does that have to this case? . . . [T]he fact that he can't write is not material." Assuming arguendo that these remarks constituted an objection, we can only assume that the objection was "irrelevant and immaterial," which was not a valid ground of objection, and as such the trial court did not commit reversible error in overruling it. *Hudson v. Miller*, supra.

7. During appellee's redirect examination of the patient's physician, appellee asked him in the form of a leading question whether it would have been malpractice had he not ordered nurses for his patient at the time in question. Appellants objected to the leading question, but the trial court ruled that it involved a technical area and allowed it. Appellants enumerate the ruling as reversible error. It is not. The trial court is permitted to exercise its discretion in granting the right to the party calling the witness to ask leading questions, and reversible error occurs only if that discretion has been abused to the extent that the appealing party has been prejudiced and injured. OCGA § 24-9-63; *Clary Appliance &c. Center v. Butler*, 139 Ga. App. 233 (2) (228 SE2d 211) (1976). Appellants have failed to show such an abuse of discretion, so we affirm the trial court's ruling.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment only, with respect to Divisions 1 and 4. As to the other divisions, I agree with all that is said.

As to Division 1, there was a question as to whether the 80% or 100% provision of the policy would apply. This could not be resolved merely by reading the contract but required evidence as to whether the insured had paid the first $5,000 in expenses so that he would be entitled to 100% rather than just 80% reimbursement on the claim for nursing care. Since the jury awarded 100%, it would have had to find that insured had already incurred $5,000 in expenses before incurring the claimed expenses. Although there was no direct evidence that he did, there was sufficient circumstantial evidence upon which to base a reasonable inference that the $5,000 amount had been reached.

As to Division 4, appellant objected to the plaintiff's testimony about his understanding on two grounds. Not only did he assert that it violated the best evidence rule, he also asserted that plaintiff's understanding of what the policy covered, that is, that the nursing care was "medically necessary" and therefore was covered, was irrelevant. Since the terms of the policy were not at issue and were not ambiguous, parol evidence of the understanding of the insured, insofar as it might relate to intention of the parties to the contract, should not have been permitted. It was irrelevant. OCGA § 24-2-1. *Parris & Son v. Campbell*, 128 Ga. App. 165, 174 (14) (196 SE2d 334) (1973); *Blalock v. Empire &c. Ins. Co.*, 13 Ga. App. 486, 487 (1) (79 SE 374) (1913). However, in the context of this case, the evidence was harmless. The very fact that insured filed the claim, insisted on it, and pursued it by lawsuit, all of which the jury knew, shouted loudly that he understood the policy covered this nursing care and that it was

medically necessary; his testimony in this regard added nothing new.

Appellee has asked for 10% damages for frivolous appeal, pursuant to OCGA § 5-6-6. This should be presented by motion rather than in the brief on the issues in the case. Rule 15 of the rules of this Court govern the content of briefs. Nevertheless, I have considered the request and conclude that an award is not warranted. *Prattes v. Southeast Ceramics*, 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974); *Macon-Bibb County Hosp. Auth. v. Ross*, 176 Ga. App. 221, 225 (4) (335 SE2d 633) (1985); *Gowdey v. REM Assoc.*, 176 Ga. App. 83, 85 (5) (335 SE2d 309) (1985).

DECIDED JUNE 27, 1986 —
REHEARING DENIED JULY 31, 1986.

*Jerry A. Buchannan, Clay D. Land*, for appellants.
*Seth Harp, Jr., J. Roxanne Mincey*, for appellee.