### 76221. TIFTAREA SHOPPER, INC. v. MADDOX.
(369 SE2d 545)

BENHAM, Judge.

Maddox sued her former employer, The Tiftarea Shopper, Inc. (Tiftarea) under the Fair Labor Standards Act (the Act) (29 USCA § 207 et seq.) for 773.25 hours of overtime she had worked between August 4, 1984, and October 4, 1985. She claimed that she was entitled to one and one-half times her regular hourly wage of $6.25 for those hours. After a jury trial, judgment was entered in her favor in accordance with the jury award of $2,416.40 for overtime pay, $2,416.40 for liquidated damages, and $3,000 for attorney fees. Tiftarea filed this appeal, and we affirm the judgment.

1. Tiftarea's first claim is that the trial court erred in failing to grant its motion for directed verdict. Appellant takes the position that Maddox was a bona fide administrative and/or professional employee, and so was not entitled to overtime pay as a matter of law under the Act. See 29 USCA § 213 (a); 29 CFR § 541.2. The trial testimony belies Tiftarea's contention. Maddox testified that she was a high school graduate, and had never earned any type of college degree. She began working for Tiftarea, a free newspaper that derives its income from advertisements, on August 4, 1984. Her employment with Tiftarea was on an hourly basis and she had never been a salaried employee with that company or any other. She was hired by Tiftarea because the employer needed "help in the office doing Girl Friday type work." Her duties included preparing "pasteups" of advertisements for publication, billing, and posting of accounts receivable for the advertisements, making the coffee for the office, and filling the racks outside the building with the free newspapers. She further testified that certified public accountants kept the journals for the business; that she did not have any hiring or firing authority, although she could screen applicants for jobs with the paper; that she had no supervisory authority over anyone; and that she did what she was told to do. There was sufficient evidence from which a jury could conclude that appellee was not an administrative and/or professional employee within the meaning of the Act, and therefore appellant was not entitled to a directed verdict. OCGA § 9-11-50; *McFarland v. Hodge Homebuilders,* 168 Ga. App. 733 (3) (309 SE2d 853) (1983).

2. In response to questions appellant's counsel posed while cross-examining Maddox, she stated she thought there was a case similar to hers pending in court. Appellant's counsel then asked, "Against Tiftarea Shopper?" to which Maddox replied, "Yes." Tiftarea's coun-

sel responded by saying that Maddox's statement was untrue, and asked that it be stricken from the record as irrelevant. The trial court declined to do so. Tiftarea now complains that the trial court failed to rule on its objection to the relevancy of Maddox's testimony regarding other similar suits pending against it. That complaint is without merit. " 'Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it. [Cits.]' Here, " ' "counsel asked a question which left the field wide open for a reply such as was given and . . . can not complain of the outcome. [Cits.]" ' " *Sims v. State*, 180 Ga. App. 537, 538 (349 SE2d 783) (1986). Moreover, appellant's assertion that the testimony was "irrelevant" was not a valid ground of objection. *Blue Cross of Ga. &c. v. Whatley*, 180 Ga. App. 93 (3) (348 SE2d 459) (1986).

3. The trial court charged the jury that the Fair Labor Standards Act permits recovery of overtime wages in a federal or state court of competent jurisdiction. Appellant objected to that portion of the charge as being jurisdictional and argumentative. On appeal, it contends that since jurisdiction was not an issue, the charge was irrelevant. There is nothing for us to review as to appellant's claim of irrelevance, since Tiftarea did not state that ground of objection at trial. *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56 (2) (306 SE2d 54) (1983).

With regard to the claim that the charge was argumentative, appellant's contention on appeal is that the effect of the trial court's use of the word "permit" was "to take the decision-making power away from the jury and to indicate to them, instead that they were to find for the appellee in this case because that's what the law required." Appellant further asserts that the charge was "clear grounds for reversal." Tiftarea offers no citation of authority for this proposition, and its supporting argument lacks merit.

4. In light of the lack of substance of this appeal, we grant appellee's motion for 10 percent of the jury verdict as additional damages on the grounds that the appeal was frivolous and taken only for delay. OCGA § 5-6-6; *Holcomb v. Commercial Credit &c. Corp.*, 180 Ga. App. 451 (3) (349 SE2d 523) (1986). Appellee's motion to remand for additional attorney fees is denied.

*Judgment affirmed with damages. McMurray, P. J., and Pope, J., concur.*

Decided May 23, 1988.

*Craig Webster*, for appellant.
*G. G. Joseph Kunes, Jr.*, for appellee.