### KIMSEY & DOPSON *v.* MACON LUMBER COMPANY.

ATKINSON, J. 1. The return of service by the sheriff is conclusive as to the fact of service, unless traversed according to law. *Elder* v. *Cozart*, 59 *Ga.* 200. But such return is not evidence as to matters which are not properly the subject of the return. 32 Cyc. 515.

(*a*) Under the Civil Code (1910), § 2258, there are two modes prescribed for service of process upon corporations (1) "by serving any officer or agent of such corporation;" (2) "by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which such suit may be commenced." Where service of process in an action for damages was made by serving the president personally, it was not an essential part of the return that the sheriff recited in his return: "said [president] being the officer in charge of said company's office and business in" the county where the suit was brought; and on the trial of a plea to the jurisdiction such recital was not evidence that the defendant had an office in the county.

2. Though conflicting, the evidence was sufficient to authorize the judge, by consent passing on the law and facts without the intervention of a jury, to find that the court was without jurisdiction of the defendant corporation. *Judgment affirmed. All the Justices concur.*
JUNE 13, 1911.

Action upon contract. Before Judge Frank Park. Dougherty superior court. April 4, 1910.

*Pope & Bennet,* for plaintiff.

*W. H. Hammond* and *Roscoe Luke,* for defendant.