23528.   DOWE *v.* DEBUS MANUFACTURING COMPANY.

Decided August 21, 1934.

*Lawton Nalley,* for plaintiff.   *Hendrix & Buchanan,* for defendant.

JENKINS, P. J.  1. "It is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within the State." *Vicksburg, Shreveport &c. Ry.* v. *DeBow*, 148 *Ga.* 738 (98 S. E. 381). The character of the activities engaged in by the foreign corporation, which are essential to give the courts of this State such jurisdiction over it, do not consist in the mere solicitation of business within this State by persons seeking and taking orders on commission and transmitting them to the home office for acceptance and shipment, even though the foreign corporation may lend its assistance to the local salesmen by advertising its product within the State, and may aid, train, and assist them, in increasing their efficiency in the discharge of their own activities as local salesmen, with the result that such increased efficiency may indirectly have the effect of increasing or expanding the business of the foreign corporation. But in order for the foreign corporation to be doing business within this State in the sense which would subject it to personal judgment by the courts of this State, it must either maintain an office or place of business within the State, or else there must be a local performance on its part of its own contractual obligations to customers, otherwise than by the mere interstate shipment of goods sold by local solicitors. *Southeastern Distributing Co.* v. *Nordyke &c. Co.*, 159 *Ga.* 150, 157-161 (125 S. E. 171); *Smith* v. *Nolling First Mortgage Cor.*, 45 *Ga. App.* 253, 254 (164 S. E. 219); Peoples Tobacco Co. v. American Tobacco Co., 246 U. S. 79 (38 Sup. Ct. 233; 62 L. ed. 587).

2. The Civil Code (1910), § 2258, prescribes two modes for service of process upon corporations, including foreign corporations which may be subject to suit in the State courts: (1) by serving an officer or proper agent of such corporation; or (2) by leaving the copy process at the place of transacting the usual and ordinary public business of such corporation. Either of these modes is sufficient. Both are not required. *Kimsey* v. *Macon Lumber Co.*, 136 *Ga.* 369 (71 S. E. 675).

(*a*) The representative of a corporation, such as will meet the requirements of law governing service upon it by serving him personally, as distinguished from service by leaving a copy of the process at the place of transacting its usual and ordinary public

business, must be an officer of the corporation or "any agent who has some sort of control or authority over some department or sphere of the corporation's business," but not "a mere employee or servant." *Medical College* v. *Rushing,* 124 *Ga.* 239, 242 (52 S. E. 333) ; *Southern Bell Tel. Co.* v. *Parker,* 119 *Ga.* 721, 727 (47 S. E. 194) ; *Ga. Ry. & Power Co.* v. *Head,* 150 *Ga.* 177, 181 (103 S. E. 158).

3. In the instant suit the petition alleged that the defendant was a foreign corporation, but it set forth no facts such as would give the municipal court of Atlanta jurisdiction to render a personal judgment as sought, the petition merely alleging that the defendant "has accounts receivable in this county." The plea to the jurisdiction was in effect limited to a denial that the foreign corporation maintained a local agency, and the traverse of the officer's return was limited to a similar denial as to agency, and a further denial that the person served was served while in the defendant's office and place of business, as stated in the return. The evidence substantiates the plea and traverse, in that it clearly shows that the defendant corporation did not maintain a local office and place of business. From the evidence it appears that the person served was in the act of leaving a hotel room in Atlanta at the time of the service. The mere occasional use of this and other rooms of the hotel in the periodic visits of such person to that city did not constitute the maintenance of an office and place of business for the corporation, by which he was employed as a sales manager and supervisor of salesmen. Moreover, the service on its face purported to be personal service, and did not purport to consist in leaving a copy. of the process at the office and place of business of the defendant. While the evidence might be taken to show that the person served was such an agent of the corporation as would authorize personal service on the corporation by serving him, provided that the foreign corporation was subject to suit for a personal judgment in the courts of this State, the facts stated by the defendant in its plea to the jurisdiction and its traverse to the officer's return were fully substantiated by the evidence, and there was neither pleading by the plaintiff nor proof to show any local performance on the defendant's part of any contract obligation owing by it to purchasers of its products. There is some evidence that as to some of its shipments, the agent who was served looked after

the installation, but there is nothing going to indicate that such acts and conduct in those instances were done in the performance of any contractual duty owing on its part, or that it was not done merely as an occasional aid to the local salesman in an effort to further his efficiency, and thereby only indirectly to increase the business and good will of the defendant corporation. The defendant having disproved the entire entry of service as made by the levying officer, and having shown that it did not keep or maintain a local office or place of business, and nothing else appearing from the plaintiff's pleadings or from the evidence which would give jurisdiction against it as a foreign corporation, the trial court did not err in finding in favor of the defendant on the question of jurisdiction, and the superior court did not err in overruling the certiorari. *Judgment affirmed. Stephens and Sutton, JJ., concur.*