31237. TURNER *v.* SOUTHEASTERN GREYHOUND LINES INC.

DECIDED DECEMBER 3, 1946.

552

*Alec Harris,* for plaintiff.   *Graham Wright,* for defendant.

GARDNER, J.   The contract between Southeastern Greyhound Lines Inc., a foreign corporation leasing the terminal station and equipment to Mrs. Andrews, may be binding as to them. The Code, § 22-1101, provides: "Service of all writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordi-

nary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." It will be noted that under the contract, particularly paragraph 8, Mrs. Andrews was to "keep in a separate trust fund the proceeds of all tickets and transportation sale for or on behalf of Southeastern Greyhound Lines Inc., and to remit said proceeds to Greyhound as the agent for the said carrier at such times and in such manner as Greyhound may from time to time request." Again, in paragraph 7, "operator shall have no power to bind Greyhound by contract or otherwise except as to the sale of transportation for persons and/or property." And in paragraph 10, "and said company shall not be liable for any of the acts, doings, or representations of operator in relation to the sale of transportation by operator over the lines or services of other carriers whose tickets may be sold by operator at said terminal." The exclusion of liability as to other transportation over other lines or services of other carriers is an implication that Southeastern Greyhound Lines Inc. is bound by the doings and representations of Mrs. Andrews in relation to transportation sale over its own lines. These provisions, to our way of thinking, clearly make her the agent of the company under the provisions of said Code section. And service on her as such agent was service on Southeastern Greyhound Lines Inc. See, in this connection, *Central of Ga. Power Co. v. Nolen,* 143 *Ga.* 779 (3) (85 S. E. 945); *Southern Bell Tel. &c. Co. v. Parker,* 119 *Ga.* 721 (47 S. E. 194); *Bell v. New Orleans &c. R. Co.,* 2 *Ga. App.* 812 (59 S. E. 102). The court erred in directing the verdict in favor of the traverse. The evidence demanded a finding against the traverse.

*Judgment reversed. Broyles, C. J., Felton and Parker, JJ., concur. Sutton, P. J., concurs in the judgment. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The question here for determination is whether the contract and the evidence created the relationship of principal and independent contractor between Mrs. Andrews and Southeastern Greyhound Lines Inc., as found by the trial court, or whether the relationship was that of principal and agent. Under the contract, Mrs. Andrews had leased the terminal premises and was in the full and complete possession, custody, and

control of the terminal and was operating thereon a passenger motor-bus terminal. Under the contract in question, Southeastern Greyhound Lines Inc. pays Mrs. Andrews for services rendered them on the premises which she had thus rented.

In conducting her business therein, she was employed to perform work on terms that she was to be free from the control of the employer as respects the time, method, and manner in which the details of the work were to be executed, as distinguished from the right merely to require certain definite results in conformity with the contract. The contract pays Mrs. Andrews upon a contingent basis; it looks to her only for results, not for the manner or method of accomplishment of the same. It maintains and exercises no control over her work in detail, which she is free to do herself or employ others to do for her. It never conferred upon Mrs. Andrews the authority to hire any employees for it, and it never paid any person working for or under Mrs. Andrews any wages or otherwise. The company continuously regarded Mrs. Andrews as an independent contractor and not as a general agent. It attempted no regulation of her hours of work, the number of employees, or the compensation paid them.

In an opinion rendered by Judge Russell in Young v. Southeastern Greyhound Lines, which is not reported, but was rendered on April 21, 1944, and is now on file in the District Court of the United States for the Northern District of Georgia, Rome Division, this contract now under consideration was before the court there for construction in a wage-and-hour case, in which Mrs. Andrews had employed one Eddie Young as a porter to work in and about the premises and to work and perform the duties of a red-cap. Judge Russell held that the contract created the relationship of principal and independent contractor as between Southeastern Greyhound Lines and Mrs. Andrews, and that she was an independent contractor. While we recognize that this is not controlling upon this court, nevertheless it is persuasive. See, in this connection also, a similar case in Whatley v. Great Southern Trucking Co., 123 Fed. 2d, 143.

The business of Mrs. Andrews was conducted by her employees or by herself when occasion demanded in a building which she had rented and in which she was an operator in the sole possession, custody, and control of the terminal and in which she was operating the passenger-bus terminal. A special agent merely to sell, whether

tickets or merchandise, and who does that alone, is not a general agent or otherwise such an agent upon whom service can be perfected and give the court jurisdiction of his principal in a suit for damages.

As to service seeking to bring an alleged principal into court by serving his agent, there must be an agency in fact; service must be on an actual agent. Service of process on a merely apparent agent is not sufficient; and the terminal here in question was the place of business of Mrs. Andrews, an independent contractor, and was not the place of business of the alleged principal. The contract between Southeastern Greyhound Lines Inc., a foreign corporation, and Mrs. Andrews did not make her an agent upon whom process might be served; process can not be served on an apparent agent of a foreign corporation. *Burkhalter* v. *Ford Motor Co.,* 29 *Ga. App.* 592 (116 S. E. 333); *Dowe* v. *Debus Mfg. Co.,* 49 *Ga. App.* 412 (175 S. E. 676); *Georgia Ry. & Power Co.* v. *Head,* 150 *Ga.* 177 (103 S. E. 158).

Hence, I think that service on Mrs. Andrews was not service upon Southeastern Greyhound Lines Inc., under the facts of this case, and that the decision of the court below so holding should be affirmed.