## 41178. ORKIN EXTERMINATING COMPANY, INC.
## v. THORNTON et al.

BELL, Presiding Judge. Gus Thornton brought this action seeking damages against Orkin Exterminating Company, Inc. of South Georgia. The petition was served by a deputy sheriff, who made return of service as follows: "I have this day served the defendant . . . with a true copy of the within petition and process by handing same to Robert Highsmith, the agent in charge of defendant's office or place of business in Pierce County, Georgia . . . in person."

Defendant traversed the entry of service, contending that it had no office or place of business in the county and no agent in the county upon whom service could be executed.

After a hearing in which the trial judge heard issues of both law and fact, the court denied defendant's traverse of entry of service. Defendant excepts to the court's judgment denying the traverse and to the judgment overruling its motion for new trial.

Evidence adduced at the hearing showed that Robert Highsmith maintained an office in the town of Blackshear in Pierce County, in connection with his business as a sales agent for several insurance companies. Orkin's principal office or place of business was in Fulton County, and it maintained a branch office in Ware County. In order to facilitate transaction of its business in Pierce County, Orkin made arrangements with Highsmith to place in Highsmith's office a telephone listed in Orkin's name in the Blackshear telephone directory. For the sum of $25 per month paid by Orkin to Highsmith, Highsmith and his clerical staff would answer the Orkin telephone. Sometimes, if it seemed to the person answering the telephone that the message was "urgent," he would relay the message by calling Orkin's branch office in Ware County. At other times, the messages received were recorded in a "call book," and twice a week an Orkin representative would go to Highsmith's office to pick up the messages listed in the book. The evidence established without conflict that Highsmith's duties in rela-

tion to Orkin were restricted to taking the telephone calls and relaying the messages in one or the other of the two ways indicated. Otherwise he had no authority whatever to act for Orkin.

The only question for decision is whether personal service upon Highsmith as Orkin's "agent" constituted service upon Orkin. There is no question of substitute service by leaving a copy of the petition and process at Orkin's agency or place of business, if any it had in Pierce County.

In *Burkhalter v. Ford Motor Co.*, 29 Ga. App. 592, 599-600 (116 SE 333), this court stated: " 'The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another *to act for* him . . . or subsequently ratifies the acts of another in his behalf.' [*Code* § 4-101] . . . Agency may also be defined as the relation created by express or implied contract or by law, whereby one party delegates the transaction of some lawful business with more or less *discretionary* power to another, who undertakes to manage the affair and render to him an account thereof . . . Even if one be under an engagement to perform a service for another, if he has no discretion whatsoever, his employment does not attain to the dignity of an agency. The contract under consideration does not vest any discretion in Beasley to do anything for the Ford Motor Company, even if it could be said to require any service to be performed . . . Unless he can in some way bind the manufacturer in some business transaction, then he is not its agent." See also, *Georgia R. & Power Co. v. Head*, 150 Ga. 177, 181 (103 SE 158); *Dowe v. Debus Mfg. Co.*, 49 Ga. App. 412, 413 (2) (175 SE 676).

Highsmith had the merest duty to perform for Orkin. He had no authority to act for Orkin in a representative capacity and no power to bind the company in a business transaction. The service performed by him was not such as would enable him to be classed as an officer or agent of the company within the meaning of *Code* §§ 22-1101 and 22-1102. Personal service of the writ upon him as "agent" did not constitute service upon Orkin in this case, and the trial court erred in denying defendant's traverse of the entry of service.

*Judgment reversed. Frankum and Hall, JJ., concur.*
Argued March 3, 1965—Decided May 3, 1965.

638

*J. Edmund Pedrick, Wilson G. Pedrick, Bennett, Pedrick & Bennett,* for plaintiff in error.

*Carroll Russell,* contra.