## 25865. PRUITT, Chairman, et al. v. CAUSEY.

UNDERCOFLER, Justice. Al Causey filed an action for mandamus in the Superior Court of Gwinnett County against the board of commissioners of the county asserting that they have refused to issue to him a license to sell wines at retail and refused to fix a license fee therefor as provided by *Code Ann.* § 58-801 et seq. After a hearing, the trial court found that the plaintiff had made application to the board of commissioners for a retail wine license but the application was denied because the county had no regulations governing the issuance of such licenses. The court found further that there had been no election in Gwinnett County prohibiting the sale of wine therein. The trial court directed the board of commissioners to fix an annual license fee for the sale of wine in said county, and to issue said license to the plaintiff unless cause be shown why it should not be issued. This appeal is from that judgment. *Held:*

1. The sale of naturally fermented wines at retail in any county of this State is legal unless such sale has been prohibited by an election prescribed by law. *Code Ann.* § 58-801 et seq. (Ga. L. 1935, p. 492; 1937, p. 851; 1941, p. 234; 1947, p. 1178). *Chandler v. City of Tifton,* 206 Ga. 43, 44 (55 SE2d 568). Fortified wines, however, are "distilled spirits." *Code Ann.* § 58-1011 (Ga. L. 1937-38, Ex. Sess., pp. 103, 106).

*Sprayberry v. Wyatt,* 203 Ga. 27, 35 (45 SE2d 625) does not require a different conclusion. It merely holds that ". . . wine is still a prohibited beverage under *Code* § 58-101, in any county where the sale is prohibited by election, and also where the sale is not thus prohibited, if the party selling it has not obtained a license as required by law." However, as set forth in *Murphy v. Withers,* 204 Ga. 60 (48 SE2d 721), mandamus may issue to compel the county authorities to accept and pass upon an application for a wine license, and to fix the terms and conditions upon which licenses may issue. Accordingly, the judgment of the trial court was not error.

2. The county authorities may refuse to grant a license for the sale of wine upon proper cause or revoke a license upon proper cause after notice and hearing. *Chandler v. City of Tifton,* supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 8, 1970—DECIDED JULY 9, 1970.

570

*Stark & Stark, Homer M. Stark,* for appellants.
*Wesley R. Asinof,* for appellee.