### 52799. B-X CORPORATION v. FULTON PLUMBING COMPANY.

DEEN, Presiding Judge.

1. In this suit on a note the defendant, appealing from a default judgment entered against him, first contends that the court erroneously dismissed his timely traverse of service. The service signed by a deputy marshal was as follows: "Served the defendant The B-X Corporation, a corporation, 301 10th St., N. E., 2, by leaving a copy of the within action and summons with Mr. Thomas West in charge of the office and place of doing business of said corporation, in Fulton County, Georgia." The "Special Appearance and Traverse" as amended alleges that the address is not the office of the corporation and Mr. West is not its "agent for service." However, the note on which the suit is based is signed "The B-X Corporation, Thomas B. West, President," and the special appearance is verified by the affidavit of Thomas B. West and itself recites that he is president of the defendant corporation. There is no contention that more than one person is involved here or that West is not in fact the corporate president. It follows that the service was in accord with Code § 81A-104 (d) a ("to the president . . . of the corporation") and that such service constitutes

personal service. "When the service is made upon one as the agent of the corporation it is 'personal service' on the corporation, while service by leaving a copy at its place of transacting business is 'substituted service.' *Redwood Restaurant & Bars v. Spruill,* 108 Ga. App. 95 (1) (132 SE2d 235); *Kimsey & Dopson v. Macon Lumber Co.,* 136 Ga. 369 (71 SE 675); *Dowe v. Debus Mfg. Co.,* 49 Ga. App. 412, 413 (175 SE 676)." *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (1), 636 (182 SE2d 153). Since the defendant in verifying his "special appearance" which is in fact a motion to dismiss for lack of service states on oath that he is the president of the defendant corporation, the statement that he is not its agent for service is contrary to law and presents no issue. Also, it is inconsequential whether the address stated is in fact the place of doing business of the corporation or not, since it is there that the defendant's president was found and served. The traverse was properly dismissed.

2. A suit on a note is an action on an unconditional contract in writing, and the plaintiff is entitled to a default judgment thereon if no answer is filed within 30 days, the default has continued over 15 days, and no motion to open it has been made and granted. Code §§ 81A-112 (a), 81A-155. A special appearance for the purpose of contesting service is not an answer or "responsive" pleading. *Hopkins v. Harris,* 130 Ga. App. 489 (203 SE2d 762). The only responsive pleading here was a plea of payment allegedly made by the substitution of the note in question for a subsequent note. This plea was filed May 12, 1976, over four months after the filing of the petition. The case was thus long in default, and when the objections to the return of service were correctly ruled legally insufficient, the plaintiff was entitled to a default judgment unless a motion to open the default under Code § 81A-155 was made and granted.

Even though we should treat the plea of payment denominated an amendment, as itself an answer (*West Court Square v. Assayag,* 131 Ga. App. 690 (206 SE2d 579)) that it set forth a meritorious defense, and that it was filed prior to the entry of any final judgment, nevertheless, as stated in that case: "Having a defense to an action is not in itself a ground to opening default." See

also *Early Co. v. Bristol Steel &c., Inc.,* 131 Ga. App. 775 (206 SE2d 612). For this relief to be granted there must be a motion, meritorious defense, a legal excuse for nonappearance, and payment of costs. None of these, except the plea itself, appear in this case. The court accordingly did not err in granting the default judgment.

*Judgment affirmed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976.

*Pye, Groover & Pye, Durwood T. Pye,* for appellant.
*Powell, Goldstein, Frazer & Murphy, James K. Rankin, David R. Aufdenspring, Jesse W. Hill,* for appellee.

*Judgment affirmed. Webb and Smith, JJ., concur.*