### 33163. CHEEKS v. BARNES et al.

HILL, Justice.

Plaintiffs Barnes and Blackmon brought suit in equity against Cheeks alleging that the three of them were former partners and that there had been fraud and mutual mistake in the partnership dissolution settlement. The plaintiffs sought an accounting, and an injunction against defendant's pursuing other litigation in another court.

On June 10, 1977, the complaint was filed, and a rule nisi returnable July 11, 1977, was obtained. The rule nisi specified that evidence at the hearing would be by affidavit, deposition, answer to interrogatory or response to request for admission only. The complaint and rule nisi were served on the defendant on June 13, 1977. On July 8, 1977, the judge who had issued the rule nisi disqualified himself and on that day the hearing was rescheduled for August 2, 1977. Defendant's counsel was notified of the postponement. The case became in default when no answer was filed by July 13, 1977.

At the hearing on August 2, 1977, plaintiffs orally moved for entry of default judgment and defendant orally opposed the same. On August 5, 1977, plaintiffs filed a

motion for default judgment, returnable August 26, 1977. On August 26, 1977, after paying costs, defendant filed a verified motion to open default, with proposed answer attached.

Defendant's motion to open default was overruled and default judgment (based upon defendant's default and his failure to answer requests for admissions) was entered on September 16, 1977. Defendant appeals, enumerating as error that the trial court erred in granting default judgment in favor of plaintiffs.

The motion to open default simply urges that a proper case has been made for the default to be opened. See *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201 (219 SE2d 115) (1975); Code Ann. § 81A-155 (b). There are no transcripts of any hearings and no affidavits, etc., of record setting forth facts. Defendant recognizes that this case is in the second phase of default. Ga. Prac. & Proc., § 8.8 (4th Ed.); *Haire v. Cook,* 237 Ga. 639, 641 (229 SE2d 436) (1976).

By brief, defendant argues that the entry of the rule nisi by a judge who later disqualified himself was a nullity. Even if that order were a nullity, this case went into default when no answer was filed by July 13, 1977. The entry of a rule nisi (see *Herring v. Standard Guaranty Ins. Co.,* 238 Ga. 261, 262 (232 SE2d 544) (1977)), which does not expressly extend the time for answering the complaint, does not suspend the requirement of Code Ann. § 81A-112 (a) that the complaint be answered within 30 days after service.

No abuse of discretion having been shown in the trial court's refusal to open default, the default judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1978 — DECIDED MARCH 8, 1978.

*Nicholson & Nicholson, Chris D. Nicholson,* for appellant.

*Jay M. Sawilowsky,* for appellees.