## 34267. TIPTON v. CITY OF DUDLEY et al.

HALL, Justice.

The issue on appeal is the legality of a municipal resolution prohibiting the sale of malt beverages or beer within the incorporated limits of the City of Dudley, and stating that no license shall be issued by the city for the sale of malt beverages or beer. The appellant sought mandamus against the city and mayor and council to compel them to issue him a license for the retail sale of beer. The trial court denied the writ, and we affirm.

The public policy of the State of Georgia differs with respect to the retail sale of alcoholic beverages and liquor, naturally fermented wine, and malt beverages or beer. Prior to the sale of alcoholic beverages and liquor, a prescribed special election must first be held in the city or county and the question submitted to the voters. If the vote is affirmative, the sale shall be permitted subject to

regulation by the governing authorities. *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567) (1939); Code Ann. § 58-1008. The sale of naturally fermented wines at retail in any city or county is legal unless the sale has been prohibited by an election prescribed by law; the sale is subject to regulation by the governing authorities. *Pruitt v. Causey,* 226 Ga. 569 (176 SE2d 57) (1970); Code Ann. Ch. 58-8. The right to sell malt beverages or beer is subject to the determination of the governing authorities of a city or county; they have the right to prohibit its sale and deny all applicants a license. *Gaissert v. State,* 186 Ga. 599 (198 SE 675) (1938); *McKinnon v. Manning,* 221 Ga. 532 (145 SE2d 552) (1965); Code Ann. § 58-718. If the governing authority of the city or county decides to permit the sale of malt beverages or beer, it shall adopt an ordinance setting forth the prescribed standards for the issuance of a license. When an applicant for a license meets these standards, a refusal by the governing authority to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus. *City of Atlanta v. Hill,* 238 Ga. 413 (233 SE2d 193) (1977).

Since the appellee has prohibited the sale of malt beverages or beer within its incorporated area and denied licenses to all applicants, the trial court did not err in denying the writ of mandamus.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979.

*William L. Tribble,* for appellant.
*Paul J. Jones, Jr.,* for appellees.