## 34735. SMITH et al. v. COFER et al.

JORDAN, Justice.

The appellants file an appeal from an order of the trial court denying a writ of mandamus to require the defendants, officials of the Department of Natural Resources, to open certain salt water rivers and creeks to bait shrimp fishermen.

The pertinent provision of Code Ann. § 45-908 (a) reads as follows: "All salt waters of this state *shall* be closed to the taking of shrimp pursuant to this section, except that a river or creek or portion thereof *may* be open to such taking, provided [that a particular scientific test as to the size of the shrimp is met]..." (Emphasis supplied.)

The appellants contended in their petition for mandamus that the word "may" means "shall" in the statute in question, which properly interpreted, gives them a clear legal right to have the salt waters open for bait shrimping. The trial court disagreed with this contention and held that the legislature intended the words "may" to be discretionary, and that to interpret the word "may" as discretionary does not cause the statute to be unconstitutional, concluding that the appellants did not have a clear legal right to require the appellees to open the specified rivers and creeks regardless of whether the tests described in the statute have been met. Accordingly, the petition for mandamus was denied. We affirm.

The cardinal rule in the interpretation of any statute is to determine the intent of the legislature when such statute was enacted. A reading of the statute compels us to the conclusion that the appellee may open the waters sought to be opened by the appellants, assuming that those waters meet the statutory test, but they are not required to do so.

Code Ann. § 102-103 provides in part as follows: "May ordinarily denotes permission and not command. Where the word as used in a statute concerns the public interest or affects the rights of third persons it will be construed to mean 'must' or 'shall'."

Appellants contend that since they are third parties the statute must be construed to be mandatory rather than discretionary. We do not agree with this contention.

There must be a balancing of the public interest and the possible effect upon the rights of third persons. In applying such a test we conclude that the public interest and the rights of third parties other than appellants far outweighs the rights of the plaintiff bait shrimpers. An interpretation of the statute which would require the appellees to open such waters could have a disastrous effect upon the shrimping industry, the general public, and the commercial shrimpers who depend upon that resource for livelihood.

Since we agree that the legislature vested the appellees with discretionary authority, a writ of mandamus will not lie. *Wilson v. Sanders,* 222 Ga. 681 (151 SE2d 703) (1966); *Longino v. Hanley,* 184 Ga. 328 (191 SE 101) (1937).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 23, 1979 — DECIDED
APRIL 17, 1979.

*Lissner & Killian, Robert P. Killian,* for appellants.
*Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellees.