35022. POWELL et al. v. POWELL et al.

UNDERCOFLER, Presiding Justice.

This is a petition for appointment of a receiver to partition certain real estate owned by the parties, and an order to sell for division. The trial court found the defendants had defaulted and granted the prayers of the petition. They appeal.

1. Appellants first contend there was no default as to the three out-of-state defendants because the court acquired no personal jurisdiction over them until they submitted themselves to its jurisdiction by filing their answer. We disagree. The suit for partitioning is an "in rem" action affecting the out-of-state defendants' interest in the property. Under Code Ann. § 81A-104 (e) (ii), in rem jurisdiction of these defendants was acquired by service by publication. Personal jurisdiction by submission to the jurisdiction of the court was not necessary. Therefore, the out-of-state defendants were in default 60 days after the order of service by publication as provided in Code Ann. § 81A-104 (e) (ii). Since they did not pay costs, they were not entitled to reopen default as a matter of right under Code Ann. § 81A-155 (a).[1] The trial court did not err in refusing

---

[1] "If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter, shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury as to actions ex contractu, and before a jury as to actions ex delicto with the right of the

to open default under Code Ann. § 81A-155 (b),[2] since the appropriate motion was not filed. Similarly, it did not err as to the in-state defendants, who filed their answer more than 45 days after service and also failed to file a motion as required by Code Ann. § 81A-155 (b). See *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228 (202 SE2d 698) (1973).

2. Appellants next contend that the court erred in failing to hear evidence on their defenses even though the case was in default. The allegations of the complaint stand admitted and appellant cannot then attack the sufficiency of the deed. Thus it was not error for the court in its discretion to order a receiver appointed and the land sold. See Thomson v. Wooster, 114 U. S. 104 (5 SC 788, 29 LE 105) (1885). It follows that the appellants were not entitled to a trial by jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1979 — DECIDED JULY 2, 1979.

*J. Laddie Boatright,* for appellants.
*C. W. Heath,* for appellees.

---

defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages. An action based upon open account shall not be considered one for unliquidated damages within the meaning of this section." Code Ann. § 81A-155 (a).

[2]"At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." Code Ann. § 81A-155 (b).