59768. TAURUS PRODUCTIONS, INC. et al. v. MARYLAND
SOUND INDUSTRIES, INC.

BIRDSONG, Judge.

Default judgment. Maryland Sound Industries, Inc. made a $10,000 loan to Taurus Productions, Inc. Quentin M. Perry, Taurus' president, personally guaranteed the loan. The loan came into default, and Maryland Sound made demand. When payment was not forthcoming, this suit was filed on July 6, 1979. Taurus and Perry did not file answer until 36 days after the complaint had been served upon them, but neither party defendant paid costs at time of the answer. Thus, as each admit, both Taurus and Perry were in and remained in default. On the 50th day after service upon Taurus and Perry, Maryland Sound moved the trial court for the dismissal of the answer and default judgment in its favor against Taurus and Perry. Rule nisi was issued with hearing on the motion set for September 28, 1979. On September 4, 1979, 56 days after service had been effected on them, Taurus and Perry finally paid costs. On September 28, after hearing and arguments by counsel for all parties, and based upon the record and all pleadings, the trial court found the defendants Taurus and Perry in default and that the default had not been opened within 15 days as a matter of right or by order of the court. Based upon the record, pleadings, the hearing and arguments of counsel, the trial court struck the answer and entered judgment by default for the amount sought in the complaint. The appellants Taurus and Perry bring this appeal enumerating two alleged errors. *Held:*

1. In their first enumeration of error, appellants complain that the trial court erroneously considered factual matters at a hearing whose purpose was to resolve the purely legal issue involved in the

motion to strike defenses and enter default judgment. In support of their enumeration, Taurus and Perry have submitted a purported "Statement of Proceedings in Lieu of Transcript." This document bears the signature of appellants' counsel only but does not have the agreement of opposing counsel or the trial court.

Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-805 (i)) provides: "In lieu of sending up a transcript or record, the parties may by agreement file a stipulation of the case showing how the questions arose and were decided in the trial court, together with a sufficient statement of facts to enable the . . . court to pass upon the questions presented therein. Before being transmitted to the appellate court, the stipulation shall be approved by the trial judge or the presiding judge of the court where the case is pending."

Appellants' "Statement of Proceedings" has neither received agreement of counsel nor approval by the trial court. Thus, the document is not properly before this court. It follows that in the absence of a transcript, the alleged questions and comments of the trial court are not before us for consideration of the alleged error. *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538); *Bussel v. Freedman,* 148 Ga. App. 661 (252 SE2d 511). Where there is nothing in the record to support a contention of error, there is nothing to review, the judgment of the trial court is presumed to be correct and will be affirmed. *Attaway v. Duncan,* 206 Ga. 230, 233-234 (56 SE2d 269); *Hilley v. Finance America Corp. of Ga.,* 145 Ga. App. 284 (243 SE2d 587). The first enumeration will not be considered.

2. The second enumeration of error complains that the trial court erred in striking appellants' answer and entering default judgment where appellants' paid costs before a trial date was set, Maryland Sound showed no prejudice to its rights in the event of trial and there was no apparent deliberate defiance of the court's procedures. However, whether or not a trial court opens a default is a matter resting within its sound discretion. CPA § 55 (b) (Code Ann. § 81A-155 (b)). Because a refusal to open a default is discretionary, such refusal will not be overturned unless an abuse of discretion is manifest. *Cheeks v. Barnes,* 241 Ga. 22, 23 (243 SE2d 242); *Sheet Metal Workers Inter. Assoc. v. Carter,* 144 Ga. App. 48, 50 (3) (240 SE2d 569). Our examination of the record available to us shows no abuse of discretion on the part of the trial court in dismissing the answer and thereafter in entering default judgment for the plaintiff. *Moore v. Trailmobile,* 94 Ga. App. 892, 893 (96 SE2d 529). For the requested relief to be granted, there must be a motion, meritorious defense, a legal excuse for late filing, and payment of costs. Appellants in this case have presented no excuse except inadvertence, no meritorious defense other than a general denial, and

failed to pay costs until long past the required deadline. The trial court consequently did not err in refusing to open the default nor in striking the answer. *B-X Corp. v. Fulton Plumbing Co.,* 140 Ga. App. 131, 132-133 (230 SE2d 331). This enumeration lacks merit.

3. Appellee has moved this court to award a 10% penalty alleging that the appeal has been filed only for purposes of delay. While we have found no merit in the enumerations of error, we do not conclude that the appeal is totally frivolous or solely for purposes of delay. The motion for assessment of penalty therefore is denied.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED
JULY 2, 1980.

*Lynn H. Whatley,* for appellants.
*J. Kirk Quillian, Corneill A. Stephens,* for appellee.