### 37010. GRANDPA'S STORE, INC. v. CITY OF NORCROSS et al.

MARSHALL, Justice.

The appellant, a Norcross business establishment, brought an action for a writ of mandamus against the appellee city to require the issuance to the appellant of a beer and wine license, appellant's application for which the city had denied. The appeal is from the denial of the writ of mandamus.

1. Error is enumerated on the trial court's denial of the appellant's motion for default judgment and allowing the city to pay costs and file an answer after a 74-day default, without a compliance with the provisions of Code Ann. § 81A-155 (b) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

"At any time before final judgment, the court, *in its discretion,* upon payment of costs, may allow the default to be opened . . . where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, *on terms to be fixed by the court."* (Emphases supplied.) Code Ann. § 81A-155 (b), supra; *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) (1975). The statutes providing for the opening of defaults "should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff." *Johnson v. Durrence,* 136 Ga. App. 439, 445 (221 SE2d 652) (1975) and cits. Prior to the enactment of the CPA (Code

Ann. Title 81A), it was held that "[w]here the case is in default, the plaintiff can not recover when the petition does not set out a cause of action." *Godfrey v. Home Stores, Inc.,* 101 Ga. App. 269, 273 (3) (114 SE2d 202) (1960). The law on opening a default before final judgment is unchanged by the CPA. *Ezzard v. Morgan,* 118 Ga. App. 50, 53 (3) (162 SE2d 793) (1968).

In his order denying the motion for default judgment, the trial judge noted that counsel for the defendants stated that his reason for failure to timely file an answer resulted from a continuation of a preliminary hearing in the case. It is true that this might not have constituted "excusable neglect," which is another ground under § 81A-155 (b) for opening a default. See *Powell v. Powell,* 244 Ga. 25 (1) (257 SE2d 531) (1979); *Bank of Cumming v. Moseley,* 243 Ga. 858 (257 SE2d 278) (1979); *Cheeks v. Barnes,* 241 Ga. 22 (243 SE2d 242) (1978). However, it does not follow that the judge was not authorized, under the facts and circumstances of this case, to open the default upon the ground of his determination that a proper case had been made therefor under § 81A-155 (b).

"To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." Code § 64-101. "Mandamus shall not lie . . . to a public officer who has an absolute discretion to act or not, unless there is a gross abuse of such discretion . . ." Code § 64-102; *Smith v. Cofer,* 243 Ga. 530, 531 (255 SE2d 49) (1979) and cits.; *Bailey v. Dobbs,* 227 Ga. 838 (1) (183 SE2d 461) (1971) and cits. The legislature has vested the appellees, city officials, with discretionary powers in the granting and refusal of licenses or permits for the privileges of retail selling of beer (Code Ann. § 58-718; Ga. L. 1935, pp. 73, 80; 1973, p. 14) and wine (Code Ann. § 58-811; Ga. L. 1977, pp. 1316, 1324). "If the governing authority of the city or county decides to permit the sale of malt beverages or beer, it shall adopt an ordinance setting forth the prescribed standards for the issuance of a license. When an applicant for a license meets these standards, a refusal by the governing authority to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus. *City of Atlanta v. Hill,* 238 Ga. 413 (233 SE2d 193) (1977)." *Tipton v. City of Dudley,* 242 Ga. 807, 808 (251 SE2d 545) (1979).[1] The plaintiff here

---

[1] *Tipton* contains a statement on p. 808, that "The sale of naturally fermented wines at retail in any city or county is legal unless the sale has been prohibited by an election prescribed by law . . ." This statement is obiter dictum, as the issue in that case dealt with malt beverages or beer. Furthermore, the authority cited for that proposition, was *former* Code Ann. § 58-8 (Ga. L. 1935, p. 492; 1937, p. 851; 1941, p.

alleges a denial of equal protection in that the city has allegedly knowingly consented by implication to the sale of beer and wine without a license by a business establishment within the city limits. However, as indicated hereinabove, the privilege of sales of beer and wine is conditional upon the city's exercise of its discretion in performing an affirmative act in either granting or refusing a permit or license; hence sales by "implied consent" are not authorized or legal. Therefore, the fact that one or more businesses were selling beer and/or wine in violation of the statutes, even if proved, would not give the plaintiff any right to have a permit issued to it. The city has the right to prohibit the sale of beer and/or wine and deny all applicants a license. *Tipton v. City of Dudley,* 242 Ga. 807, supra, p. 808 and cits. The plaintiff did not allege that the city had adopted any ordinance setting forth the prescribed standards for the issuance of a license, or that the plaintiff had met such standards, so that the refusal by the city to issue the license would constitute a denial of equal protection, entitling the applicant to a writ of mandamus. *Tipton,* supra.

Although the trial judge erred in allowing the default to be opened without a compliance with the provisions of Code Ann. § 81A-155 (b), this was harmless error in view of the fact that the plaintiff failed to allege a clear legal right to have the license issued. Therefore, the trial judge did not manifestly abuse his discretion to the injury of the plaintiff in opening the default and denying a default judgment in this type of action and under these pleadings.

2. The remaining error enumerated, the denial of the writ of mandamus, has been adjudicated for the most part by Division 1, supra. Even if a denial of equal protection could somehow be proved by evidence of the city's knowing implied consent to illegal (i.e., without permits) sales of beer and/or wine within the city, moreover, such was not shown here. The evidence was that the city had issued no beer or wine licenses; that it had adopted no ordinance setting forth the prescribed standards for the issuance of such licenses; and

234; 1947, p. 1178) and the 1970 case of *Pruitt v. Causey,* 226 Ga. 569 (176 SE2d 57). Ga. L. 1977, pp. 1316, 1330, effective April 8, 1977, specifically repealed the former Code Ann. Ch. 58-8, which had provided that the retail sale of wine was legal unless prohibited by an election, and makes the retail sale of wine a privilege, with licensing therefor at the discretion of the governing authorities (Code Ann. § 58-811; Ga. L. 1977, pp. 1316, 1324), which puts it in the same category as the retail sale of beer. Code Ann. § 58-718 (Ga. L. 1935, pp. 73, 80; 1973, p. 14). *Tipton* was tried, appealed, and decided (on January 4, 1979) after the effective date of reenacted Code Ann. § 58-811, a fact apparently overlooked in this court's opinion.

that, although part of the Big Star store which sells beer and wine is situated within the city limits, the remainder of the store is within Gwinnett County, by permit from which governing authority the store is selling beer and wine.

The denial of the writ of mandamus was not error.

*Judgment affirmed. All the Justices concur, except Undercofler and Smith, JJ., who concur in the judgment only.*

DECIDED FEBRUARY 25, 1981 — REHEARING DENIED MARCH 18, 1981.

*Tennant, Andersen & Davidson, T. Michael Tennant,* for appellant.

*Hill Jordan,* for appellees.