## 70921. GOWDEY et al. v. REM ASSOCIATES.
(335 SE2d 309)

MCMURRAY, Presiding Judge.

On February 1, 1982, Dr. Gowdey leased certain premises from plaintiff for use as a dentist office. The dentist and his parents, defendants Eugene Gowdey and Alice Gowdey, also signed a "guaranty" whereby they "jointly and severally irrevocably guarantee the payment of the rent and all other sums to be paid by Lessee under and pursuant to the Lease."

Dr. Gowdey vacated the premises prior to the expiration of the lease. Plaintiff filed this action in the State Court of Fulton County

naming Dr. Gowdey and his parents as defendants and seeking the remaining rent due under the lease plus interest and attorney fees.

Dr. Gowdey's answer raised the issue of venue predicated upon an assertion that he was a resident of DeKalb County. Dr. Gowdey's parents did not file timely answers and although answers were filed within the 15 days following default, costs were not paid within this period.

Plaintiff's motion for default judgment as to Dr. Gowdey's parents, defendants Eugene Gowdey and Alice Gowdey, was denied. Thereafter, plaintiff voluntarily dismissed without prejudice its claim against Dr. Gowdey and initiated an action against him in the State Court of DeKalb County.

Subsequently, plaintiff renewed its motion for default judgment against Dr. Gowdey's parents, the remaining defendants in the case sub judice, predicated in part upon a certified copy of a judgment entered in favor of plaintiff and against Dr. Gowdey in the State Court of DeKalb County. Dr. Gowdey's parents, defendants Eugene Gowdey and Alice Gowdey, appeal from the order of the State Court of Fulton County granting plaintiff's motion for default judgment as to them. *Held*:

1. The introduction of a certified copy of the DeKalb County judgment against Dr. Gowdey was sufficient evidence to prove the existence of that judgment. OCGA § 24-7-20; *Hirsch & Co. v. Lumbermen's Supply &c. Co.*, 130 Ga. 555, 559 (3) (61 SE 225).

2. There was no lack of venue in Fulton County. Personal jurisdiction over defendants Eugene Gowdey and Alice Gowdey, residents of New York, was acquired under the provisions of our "long arm statute." OCGA § 9-10-90 et seq. Venue in an action under the "long arm statute" is determined by OCGA § 9-10-93, which provides that "[v]enue in cases under this article shall lie in any county wherein the business was transacted . . ." Contrary to the argument of the Gowdey defendants that the guaranty was executed in New York, the only evidence in the record as to where the lease and guaranty were executed is the inference, arising from the heading of the document, that the document was executed in Fulton County. See in this regard *Strickland v. Foundation Life Ins. Co.*, 129 Ga. App. 614, 615 (1) (200 SE2d 306).

3. Defendants Eugene Gowdey and Alice Gowdey contend the trial court erred in refusing to open their defaults. "[W]hether or not a trial court opens a default is a matter resting within its sound discretion. CPA § 55 (b) [OCGA § 9-11-55 (b)]. Because a refusal to open a default is discretionary, such refusal will not be overturned unless an abuse of discretion is manifest. *Cheeks v. Barnes*, 241 Ga. 22, 23 (243 SE2d 242); *Sheet Metal Workers Inter. Assoc. v. Carter*, 144 Ga. App. 48, 50 (3) (240 SE2d 569). Our examination of the rec-

ord available to us shows no abuse of discretion on the part of the trial court . . . in entering default judgment for the plaintiff. *Moore v. Trailmobile*, 94 Ga. App. 892, 893 (96 SE2d 529). For the requested relief to be granted, there must be a motion, meritorious defense, a legal excuse for late filing, and payment of costs. Appellants in this case have presented no excuse except inadvertence, no meritorious defense other than a general denial, and failed to pay costs until long past the required deadline. The trial court consequently did not err in refusing to open the default. . . . *B-X Corp. v. Fulton Plumbing Co.*, 140 Ga. App. 131, 132-133 (230 SE2d 331). This enumeration lacks merit." *Taurus Productions v. Md. Sound Indus.*, 155 Ga. App. 147, 148-149 (2) (270 SE2d 337).

4. The default judgment appealed was entered in response to a second motion for default judgment. Contrary to the final enumeration of error submitted by defendants Eugene Gowdey and Alice Gowdey, there is nothing in the trial court's order denying the first motion for default judgment which affects the jurisdiction of the trial court to enter the default judgment at issue. The trial court in its order on the first motion merely declined to enter a default judgment against Eugene Gowdey and Alice Gowdey pending a determination of the liability of their principal, their son Dr. Gowdey.

The dismissal without prejudice of Dr. Gowdey from the case sub judice is not equivalent to the extinction of the principal's obligation so as to render relevant the provisions of OCGA § 10-7-2. *Fricks v. Rome Mercantile Co.*, 49 Ga. App. 431 (175 SE 807), involved a verdict against the surety only in an action against both surety and principal. Thus, it may be distinguished on the facts. This enumeration of error is without merit.

5. Plaintiff has moved this court to award damages pursuant to OCGA § 5-6-6 alleging that the appeal has been filed for purposes of delay only. While we have found no merit in the enumerations of error, we do not conclude that defendants' enumerations were so specious as to warrant the conclusion that this appeal was taken for the purpose of delay only. The motion for assessment of penalty, therefore, is denied.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1985.

*Robert L. Whatley*, for appellants.
*Scott E. Tinnon, Donald J. Ellis*, for appellee.