Frank CHEEK, Plaintiff-Appellant,

v.

Glen GOOCH, as Sole Commissioner, Union County, Georgia, Defendant-Appellee.

No. 85–8604

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1986.

Mikele S. Carter, Blairsville, Ga., for plaintiff-appellant.

R. David Syfan, Julius M. Hulsey, Gainesville, Ga., Charles F. Cory, Hiawassee, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Cheek brought this suit under 42 U.S.C. § 1983 claiming that Gooch, the sole commissioner of Union County, Georgia, had deprived him of property without due process by refusing to grant him a license to sell beer and wine. The district court entered summary judgment in favor of Gooch because it found that Cheek did not have a constitutionally protected interest in acquiring the license. We affirm.

Cheek wrote to Gooch requesting that he be issued a beer and wine license for his restaurant in Union County. Gooch replied that he would not issue such a license as it was his policy never to issue such a license while he was commissioner. Cheek then filed suit claiming that Gooch's failure to establish standards for the issuance of beer and wine licenses had deprived him of property without due process and that Gooch's failure to observe procedural protections mandated by Georgia law was itself a due process violation.

■ · Cheek's claim that under Georgia law he had a protected property interest in the opportunity to acquire a license is controlled by this court's affirmance of the district court's order in *Scoggins v. Moore*, 747 F.2d 1466 (11th Cir.1984), *aff'd without opinion*, 579 F.Supp. 1320 (N.D.Ga.1984). Ga.Code Ann. § 5A–502, Ga.Code § 3–3–2, vests the granting of liquor licenses in the discretion of the local governing authority. It also mandates that when the local authority decides to grant licenses it must do so according to ascertainable standards. In *Scoggins* the district court held that this section "does not create a protectible property interest." 579 F.Supp. at 1325. *See also, Grandpa's Store, Inc. v. City of Norcross*, 247 Ga. 350, 275 S.E.2d 59, 61 (1981) ("The city has the right to prohibit the sale of beer and/or wine and deny all applicants a license."). Because state law does not grant Cheek a property interest in the opportunity to acquire a license, Gooch's failure to establish standards for the granting of a license does not violate Cheek's due process rights. *See Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

■ Cheek also asserts that Gooch's failure to follow established state law procedures is itself a violation of due process. He correctly notes that Georgia law does mandate that the "governing authority shall set forth ascertainable standards in the local licensing ordinance ..." Ga.Code Ann. § 5A–502, Ga.Code 3–3–2, and that Gooch did not comply with this mandate. The flaw in this argument is that it fails to note when these procedural protections may be invoked. Georgia law does not require that the governing authority establish a licensing scheme; rather, it requires that the governing authority include desig-

nated procedural safeguards once it decides to grant licenses. *See Grandpa's Store*, 275 S.E.2d at 61. Because Gooch refused to grant any licenses, Georgia law did not require him to follow the procedural safeguards outlined in § 5A–502 when he denied Cheek's request. We therefore need not decide whether not following the state law procedures when they are applicable would constitute a violation of an applicant's federal due process rights.

AFFIRMED.